OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed, with costs.
 

 Plaintiff Lynn Comes was employed by the general contractor hired by defendant to construct a building on defendant’s land. He sustained personal injuries after his employer directed him to lift and carry a 14-foot steel I-beam unassisted. Comes and his wife, suing derivatively, commenced this action against defendant alleging violations of Labor Law §§ 200 and 241 (6).
 

 Section 200 of the Labor Law is a codification of the common-law duty imposed upon an owner or general contractor to provide construction site workers with a safe place to work. An implicit precondition to this duty "is that the party charged with that responsibility have the authority to control the activity bringing about the injury”
 
 (Russin v Picciano & Son,
 
 54 NY2d 311, 317). Where the alleged defect or dangerous condition arises from the contractor’s methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner under the common law or under Labor Law § 200
 
 (Lombardi v Stout,
 
 80 NY2d 290, 295).
 

 Comes’ injury was caused by lifting the beam (plaintiffs allege no other dangerous condition on the premises), and there is no evidence that defendant exercised supervisory control or had any input into how the steel beam was to be moved. Defendant did hire a construction inspector to visit the work site; however, the inspector’s duties were limited to observing the work and reporting to the contractor safety violations by the employees.
 

 Alternatively, plaintiffs contend defendant is liable under
 
 *878
 
 section 200 even if it did not exercise control over the operation because it had actual or constructive notice of the unsafe manner in which the work was performed. They rely on
 
 Nagel v Metzger
 
 (103 AD2d 1, 9). We note that proper equipment was present on the site here and thus defendant’s inspector had no reason to believe that Comes’ employer would require him to carry the steel beam unassisted. But more to the point, this Court has not adopted the reasoning of
 
 Nagel
 
 and imposed liability under the statute solely because the owner had notice of the allegedly unsafe manner in which the work was performed. Accordingly, the Appellate Division correctly dismissed plaintiffs’ Labor Law § 200 claim.
 

 In contrast to section 200, section 241 (6) of the Labor Law imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers
 
 (Russin, supra).
 
 Plaintiffs’ section 241 (6) cause of action was properly dismissed, however, because plaintiffs allege only violations of general safety standards of the Industrial Code, not concrete specifications imposing a duty on defendant
 
 (see, Ross v Curtis-Palmer Hydro-Elec. Co.,
 
 81 NY2d 494, 503-505).
 

 Chief Judge Kaye and Judges Simons, Titone, Hancock, Jr., Bellacosa, Smith and Levine concur.
 

 Order affirmed, with costs, in a memorandum.