■ J.J. YELLEN, Appellant, v ROCKAWAY REALTY ASSOCIATES, L.P., Respondent, et al., Defendant. (And a Third-Party and Second Third-Party Action.) ROCKAWAY REALTY ASSOCI-

ATES, L.P., Third Third-Party Plaintiff, v MAJOR BUILDERS CORP., Third Third-Party Defendant-Respondent. [664 NYS2d 535] —Order, Supreme Court, New York County (Norman Ryp, J.), entered on or about September 6, 1996, which granted the motion of third third-party defendant Major Builders Corp. for summary judgment dismissing the third third-party action and granted the cross motion of defendant Rockaway Realty Associates, L.P. for summary judgment dismissing the complaint, unanimously affirmed, without costs.

In order to prevail on a claim that an owner or contractor breached the nondelegable duty imposed by Labor Law § 241 (6), plaintiff must prove that a specific provision of the Industrial Code was violated (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 878; *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494, 501-502). The sections of the Industrial Code alleged by plaintiff to have been violated are inapplicable to the device and circumstances that caused plaintiff's injuries. Dismissal of the complaint as against the moving defendant owner was appropriate, since the only basis for recovery against that defendant, under the circumstances, was by way of a Labor Law § 241 (6) claim. The third third-party action was properly dismissed as well.

We have reviewed plaintiff's remaining arguments and find them to be without merit. Concur—Milonas, J. P., Rubin, Mazzarelli and Andrias, JJ.