■ LEROY WRAY, Respondent, v 654 MADISON AVENUE ASSOCIATES, L.P., et al., Appellants. 654 MADISON AVENUE ASSOCIATES, L.P., et al., Third-Party Plaintiffs-Appellants-Respondents, v P.S. MARCATO ELEVATOR CO., INC., Third-Party Defendant-Respondent-Appellant. [677 NYS2d 129] —Order, Supreme Court, Bronx County (Luis Gonzalez, J.), entered July 11, 1997, which, in an action by plaintiff elevator maintenance worker against defendant building owners for common-law negligence and violations of Labor Law § 241 (6) and § 200, and a third-party action by the building owners against plaintiff's employer, denied the owners' and the employer's motions for summary judgment, unanimously modified, on the law, to dismiss so much of the second cause of action as is based upon a violation of Labor Law § 241 (6), and otherwise affirmed, without costs.

We reject appellants' claims that the owners bore no common-law responsibility for plaintiff's injuries caused by the dangerous condition he was called upon to repair, since the accident was caused not by the noise and vibration in the compensating elevator sheave that plaintiff was called upon to remedy, but by the absence of a pit shut-off switch (see, 9 NYCRR 1062.3 [d]; compare, Kowalsky v Conreco Co., 264 NY 125). We agree with the IAS Court that an issue of fact exists as to whether this particular building was required to have such a switch. However, it was error not to dismiss so much of the action as claims a violation of Labor Law § 241 (6), since plaintiff was not engaged in construction, excavation or demolition work at the time of the accident (see, Spiteri v Chatwal Hotels, 247 AD2d 297, 299). We have considered appellants' other arguments and find them to be without merit. Concur—Milonas, J. P., Wallach, Williams, Tom and Mazzarelli, JJ.