■ JOSEPH DILENA et al., Respondents, v IRVING REISMAN IRREVOCABLE TRUST et al., Appellants and Third-Party Plaintiffs. HERK MAINTENANCE COMPANY, INC., et al., Third-Party Defendants-Respondents. [692 NYS2d 371] —Order, Supreme Court, New York County (Lorraine Miller, J.), entered on or about September 2, 1998, which denied the motion by defendants and third-party plaintiffs The Irving Reisman Irrevocable Trust and Madinia Realty Co. for summary judgment dismissing the complaint, unanimously reversed, on the law,

without costs or disbursements, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

Initially, we find that the IAS Court improvidently exercised its discretion in deeming defendants' motion untimely under the circumstances herein.

With respect to the common-law negligence cause, plaintiffs failed to show that defendants knew of the dangerous condition and did not remedy it or that the condition had existed for such a sufficient length of time that, in the exercise of reasonable care, defendants should either have corrected it or warned of its existence (*Rabat v GNAC Corp.*, 180 AD2d 540). Plaintiff testified he never noticed any problems with the metal flooring prior to his accident. In addition, there was testimony that no complaints had been received regarding the flooring. Accordingly, plaintiff failed to show that the condition complained of had existed for a protracted period of time (*see, Gordon v American Museum of Natural History*, 67 NY2d 836, 838).

Additionally, there was no real issue of fact raised as to whether defendants were liable to plaintiff for the injuries under the Labor Law or other statutes. Section 200 of the Labor Law is a codification of the common-law duty of owners or employers to furnish a safe workplace (*Jock v Fien*, 80 NY2d 965, 967). Recovery can be had under this statute only if the injured employee can demonstrate that the named defendant, either through control or supervision, was directly responsible for the injury (*Lombardi v Stout*, 80 NY2d 290, 295). Where the alleged defect or dangerous condition arises from the contractor's methods and the owner exercises no supervisory control over the operation, no liability attaches to the owner pursuant to the common law or section 200 of the Labor Law. Section 240 (1) of the Labor Law is not applicable since employees engaged in routine maintenance, as plaintiff herein, have no cause of action under that section (*see, Smith v Shell Oil Co.*, 85 NY2d 1000). Similarly, since plaintiff was not engaged in construction, demolition or excavation at the time of the accident, section 241 (6) of the Labor Law is equally inapplicable (*see, Wray v 654 Madison Ave. Assocs.*, 253 AD2d 394). Moreover, nowhere in the complaint does plaintiff specifically mention which of the attendant safety rules associated with section 241 (6) were violated, nor does he specify which sections of the Industrial Code were not complied with. Section 255 of the Labor Law was incorrectly cited by the IAS Court since the dispute herein does not involve an elevator in a factory and plaintiffs' complaint does not cite this statute.

In view of the fact that plaintiffs' action insofar as it is based on the various provisions of the Labor Law and principles of common-law negligence cannot be maintained, defendants' third-party action for indemnification/contribution must also be dismissed (*see, Sheridan v Beaver Tower*, 229 AD2d 302, *lv dismissed* 89 NY2d 860). Concur—Sullivan, J. P., Nardelli, Tom and Wallach, JJ.