■ RAY J. BLESSINGER et al., Respondents, v ESTEE LAUDER COMPANIES, INC., et al., Appellants, et al., Defendant. (And a Third-Party Action.) [707 NYS2d 78] —Order, Supreme Court, New York County (Barbara Kapnick, J.), entered on or about October 18, 1999, which, to the extent appealed from, denied the motion of defendants-appellants The Estee Lauder Companies, Inc., Len-Ron Mfg. Co., Inc. and Aramis, Inc. for summary judgment, unanimously reversed, on the law, without costs, the motion granted in its entirety, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint as against them.

Labor Law § 200 is a codification of the common-law duty imposed upon an owner or general contractor to provide construction workers with a safe work site (*Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Rose v A. Servidone, Inc.*, 268 AD2d 516). "An implicit precondition to this duty 'is that the party charged with that responsibility have the authority to control the activity bringing about the injury' " (*Comes v New York State Elec. & Gas Corp., supra*, at 877, quoting *Russin v Picciano & Son*, 54 NY2d 311, 317; *see also, Greenfield v New York Tel. Co.*, 260 AD2d 303, *lv denied* 94 NY2d 755). In those situations where the alleged defect or dangerous condition arises from the contractor's methods and the owner exerts no supervisory control over the work, no liability attaches to the owner under either the common law or under Labor Law § 200 (*Comes v New York State Elec. & Gas Corp., supra; Cruz v Toscano*, 269 AD2d 122).

In this matter, the IAS Court erred in denying summary judgment as the record is devoid of evidence which might

indicate that defendants played any role in the method plaintiff chose to unload the container or in any way oversaw the operation. Concur—Nardelli, J. P., Mazzarelli, Lerner and Friedman, JJ.