■ TERRENCE NEVINS, Respondent, v ESSEX OWNERS CORP., Defendant and Third-Party Plaintiff. ACCELL ELEVATOR OPERATIONS, INC., Third-Party Defendant-Appellant. (And Another Action.) [714 NYS2d 38] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about July 8, 1999, which denied defendant's cross motions for summary judgment dismissing plaintiff's Labor Law §§ 200 and 241 (6) causes of action, unanimously reversed, on the law, without costs, and the cross motions granted to the extent of dismissing such causes of action.

Plaintiff, an employee of third-party defendant Accell Elevator Operations, Inc., was engaged in a project of modernizing two elevators at premises owned by defendant and third-party plaintiff Essex Owners Corp. and managed by Time Equities, Inc. At the time of the injury, plaintiff was at the bottom of an elevator shaft, having just installed an angle iron to its side. In order to test whether the elevator cab would clear the angle iron, plaintiff activated a hand held control mechanism—a "run station"—which ran the elevator toward the bottom of the shaft where plaintiff was located. Plaintiff either brought the run station to the site himself or had acquired it from his employer. In order to stop the elevator, the operator would have to depress both a directional button and the power button on the run station. Plaintiff had successfully used the run station earlier that day without incident. When the cab reached the appropriate location about four feet above the floor of the shaft, plaintiff depressed both buttons, but the elevator continued to the bottom, severely injuring plaintiff.

Plaintiff commenced this action against the owner, Essex, alleging negligence (denominated a Labor Law § 200 claim by the parties) in its operation and control of the building, and alleging various other Labor Law violations; Essex commenced a third-party action against Accell. On a prior appeal, we dismissed plaintiff's Labor Law § 241-a claim (259 AD2d 384). Subsequently, in the order under review, the IAS Court dismissed plaintiff's Labor Law § 240 (1) claim, but denied the cross-motion for dismissal as to the Labor Law §§ 200 and 241 (6) claims. In this latter regard, we reverse and dismiss those claims.

Labor Law § 200 codifies the common-law duty imposed on an owner or general contractor to provide construction site workers with a safe work site (*Blessinger v Estee Lauder Cos.*, 271 AD2d 343), but " '[a]n implicit precondition to this duty "is that the party charged with that responsibility have the authority to control the activity bringing about the injury" ' " (*Blessinger v Estee Lauder Cos., supra*, at 343, quoting *Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877; *Russin v Picciano & Son*, 54 NY2d 311, 317). In addition to showing that the defendant exercised supervisory direction or control over the operation, plaintiff also must show that the defendant had actual or constructive notice of the alleged unsafe condition that caused the accident (*Dilena v Irving Reisman Irrevocable Trust*, 263 AD2d 375). In the present case, Essex has sufficiently established that it did not supervise plaintiff's work, a showing not rebutted by plaintiff's testimony that Essex em-

ployees occasionally checked on the progress of the work (*Gielow v Rosa Coplon Home*, 251 AD2d 970, *lv dismissed and denied* 92 NY2d 1042; *Curtis v 37th St. Assocs.*, 198 AD2d 62). This showing requires dismissal of the Labor Law § 200 claim. Nor, for this modernization rather than repair contract, was the appropriate notice of the alleged defect established (*Gordon v American Museum of Natural History*, 67 NY2d 836; *Giambrone v New York Yankees*, 181 AD2d 547). Finally, this claim against Essex could not hinge on a possible defect in the run station, which Essex did not provide.

The Labor Law § 241 (6) claim arises in part from the alleged violation of 12 NYCRR 23-2.5 (b) (1), in that planking had not been provided. Yet since we have already ruled, in previously dismissing the Labor Law § 241-a claim, that planking was not a relevant consideration in this case (259 AD2d 384, *supra*), that branch of the section 241 (6) claim is untenable. Plaintiff also hinges his section 241 (6) claim, in part, on the alleged violation of 12 NYCRR 23-2.5 (b) (4), requiring protection from falling objects for workers in elevator shafts. Again, though, we previously held that the elevator, sent into descent by plaintiff himself, even if his control over the descent was interfered with by a malfunctioning device, nevertheless was not a falling object (*id.*; *cf.*, *Santos v Sure Iron Works*, 166 AD2d 571, 573). Therefore, this branch of the claim is also untenable. Concur—Nardelli, J. P., Tom, Andrias, Buckley and Friedman, JJ.