■ BATTISTA MAZZOCCHI et al., Appellants, v INTERNATIONAL BUSINESS MACHINES, INC., Respondent, et al., Defendants. [742 NYS2d 217] —Order, Supreme Court, New York County (Helen Freedman, J.), entered August 31, 2001, which, in an action for personal injuries allegedly caused by plaintiff laborer's inhalation of asbestos-laden dust while working on a construction project on property owned by defendant-respondent (defendant), upon reargument of a prior order, same court and Justice, entered June 29, 2001, granting defendant's motion for summary judgment dismissing the complaint as against it, insofar as appealed from, adhered to the prior order, unanimously affirmed, without costs. Appeal from the order entered June 29, 2001, unanimously dismissed, without costs, as superseded by the appeal from the later order.

Plaintiff's Labor Law § 200 claim was properly dismissed for lack of evidence sufficient to raise an issue of fact as to whether defendant exercised any control or supervision over the unspecified work that allegedly created the dust that caused

plaintiff's injury (*see, Lombardi v Stout*, 80 NY2d 290, 295). It does not avail plaintiff that defendant maintained a shack on the work site for employees who had a right to inspect the progress of the work or other general right of supervision (*see, Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876; *Brown v New York City Economic Dev. Corp.*, 234 AD2d 33, 33-34). Nor does plaintiff have a claim under Labor Law § 241 (6) for a violation of 12 NYCRR 23-1.7 (g), which prohibits work in an unventilated confined area where dangerous air contaminants may be present unless the atmosphere of such area is first tested by the employer in accordance with 12 NYCRR part 12 relating to control of air contaminants, and makes such areas otherwise subject to part 12 and also to part 18 relating to exhaust systems. Assuming a violation of this rule can support a claim under section 241 (6) against a site owner arising out of asbestos contamination, plaintiff's assertions that there were trades on the site working with asbestos materials, that he saw dust on the site and that he worked in small spaces resembling a pit fail to raise genuine issues of fact as to whether, inter alia, he ever worked in a "confined space" as defined in 12 NYCRR 12-1.3 (f); if so, whether the dust plaintiff saw contained asbestos; if so, whether the dust penetrated the confined spaces where plaintiff worked; and, if so, whether the dust persisted more than "momentarily" as required by 12 NYCRR 12-3.1. Concur—Nardelli, J.P., Sullivan, Wallach and Rubin, JJ.