■ INGRID BETEMIT, as Administratrix of the Estate of PORFIRIO BETEMIT, Also Known as ANTONIO BETEMIT, Deceased, Respondent-Appellant, v ARNOLD SPRING et al., Respondents, and CONSORCIO ORIENTAL OF NEW YORK CORP., Appellant-Respondent, et al., Defendants. (And a Third-Party Action.) [763 NYS2d 551] —Order, Supreme Court, Bronx County (George Friedman, J.), entered February 13, 2002, which, upon various motions for summary judgment, insofar as appealed from as limited by the briefs, sustained plaintiff's cause of action under Labor Law § 200 as against defendant-appellant, dismissed plaintiff's causes of action under Labor Law § 240 (1) and § 241 (6) as against defendant-appellant, and dismissed the complaint and all cross claims as against the remaining defendants, unanimously modified, on the law, to dismiss the complaint as against defendant-appellant, and otherwise affirmed, without costs. The Clerk is directed to enter judgment accordingly. Appeal from order, same court (Stanley Green, J.), entered August 26, 2002, which denied defendant-appellant's motion to renew, unanimously dismissed, without costs, as academic.

Plaintiff's decedent, a laborer on a renovation project, was injured while assisting in loading a 20-ton safe from the sidewalk onto a flatbed tow truck that the driver had positioned at the curb with the back of its platform resting on the ground.

As a group of 10 or more coworkers tipped the safe over to rest on the angled bed of the truck, the decedent, who was in the middle of the truck bed, became trapped when the top of the safe landed on his left foot. The workers were able to manually lift the safe to free him, but amputation of his left leg was required because of infection, and he ultimately died from thrombosis after surgery. Plaintiff seeks to hold defendants liable under Labor Law §§ 200, 240 (1) and § 241 (6) because of their failure to use an adequate hoist in moving the safe. However, at no time was the tow truck's winch ever used or the safe ever elevated above the work site. Accordingly, Labor Law § 240 (1) does not apply (*see Melo v Consolidated Edison Co.,* 92 NY2d 909 [1998]). "The fact that gravity worked upon this object which caused plaintiff's injury is insufficient to support a section 240 (1) claim." (*Narducci v Manhasset Bay Assoc.,* 96 NY2d 259, 270 [2001].) Nor does plaintiff identify any pertinent provisions of the Industrial Code that were violated as would support a claim under Labor Law § 241 (6), or any hazards of which the owner or party in control of the work site had actual or constructive notice as would support a claim under Labor Law § 200 (*see Dilena v Irving Reisman Irrevocable Trust,* 263 AD2d 375, 376 [1999]; *cf. Higgins v 1790 Broadway Assoc.,* 261 AD2d 223 [1999]). Concur—Buckley, P.J., Tom, Sullivan and Marlow, JJ.