Simon v Kings Plaza Shopping Ctr. of Flatbush Ave., Inc. (2003 NY Slip Op 51518(U))

[*1]

Simon v Kings Plaza Shopping Ctr. of Flatbush Ave., Inc.

2003 NY Slip Op 51518(U)

Decided on December 24, 2003

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 24, 2003

Supreme Court, Kings County
 CHILTON SIMON and CICELY SIMON, Plaintiffs, vs.
against
KINGS PLAZA SHOPPING CENTER OF FLATBUSH AVENUE, INC., KINGS PLAZA SHOPPING PLAZA OF AVENUE U, INC., ALEXANDER'S DEPARTMENT STORES OF BROOKLYN, INC., ALEXANDER'S OF BROOKLYN, INC., and J.A. JONES-GMO, LLC., ) Defendants.
Index No. 1343/01

Yvonne Lewis J.
The Defendants have petitioned this Court for summary judgment in their favor with respect to all of the Plaintiff's claims, whether in common law negligence and/or under NYS Labor Law §§200 (provision of safe work environment), 240(1) (hoisting/lowering of materials/loads), and 241(6) (code violations). The injury complained of is that Plaintiff, while installing an elevator cab at the Kings Plaza Mall, was stuck by a piece of plywood which fell on him from a height of twenty (25') feet as he stood outside the elevator shaft. The Defendants owners, managing agent, and construction manager for the project maintain that since they ". . .did not exercise any control over the Plaintiff's activities nor did they exercise control over the means and methods employed by Schindler Elevator (the Plaintiff's employer) in performing the elevator work at the premises," they cannot be found to have been negligent, or to have failed to provide a safe work environment (citing Russin v. Picciano and Sons, Inc., 54 NY2d 311, 445 NYS2d 127; Rosas v. Ishack, 219 AD2d 633, 631 NYS2d 417; Leon v. J&M Peppe Reality corp, 190 AD2d 400, 596 NYS2d 380; Spiterri v. Chatwal Hotels, 669 NYS2d 282; Lombardi v. Stout, 590 NYS2d 55; Combs v. New York State Electric and Gas Corp., 82 NY2d 876, 609 NYS2d 168; and Allen v. Cloutier Construction Corp., 44 NY2d 290, 405 NYS2d 630), or to have violated any specific code provisions (citing, Curtis-Palmer v. Hydro Electric Co., 81 NY2d 494, 601 NYS2d 49). In addition, the Defendants assert that they had no notice, actual or constructive, of any defective condition (citing, Combs v. New York State Electric and Gas Corp., 82 NY2d 876,supra), and that since ". . .the plywood which fell was not [construction] material or a load that was being hoisted or lowered, and which had to be secured for that [*2]purpose," there can be no claim under Labor Law §240(1) (citing, Rocovich v. Consolidated Edison Company, 78 NY2d 514, 577 NYS2d 219, Plaintiff's right ankle and foot became immersed in hot oil contained in a 12 inch trough); Narducci v. Manhasset Bay Associates, 96 NY2d 259, 727 NYS2d 37, Plaintiff , Narducci, was injured by a large piece of glass that fell from an adjacent window frame; Plaintiff electrician, Caparelli, was injured when a fluorescent light fixture he had hoisted into ceiling grid fell on him as he was descending ladder).
The Plaintiff not only opposes the foregoing, but has, in turn, requested that this Court grant him summary judgment on the issue of liability under NYS Labor Law §§200 , 240(1), and 241(6). The Plaintiff asserts that the accident indisputably occurred as follows, "while installing [an] elevator cab, a 4 foot by 8 foot, 3/4 inch piece of plywood was dislodged from its position in front of the elevator shaft on level 2 and fell to level 1, striking [the Plaintiff,] Vern Simon on the shoulder area." It is further indicated that Fisher Skylight had removed the plywood to install glass panels, replaced the plywood but failed to secure it. In addition, ". . .there was no overhead protection in Plaintiff's work area, in the form of catchalls, safety nets, or any other safety devices
to prevent Plaintiff from being struck from the falling plywood." The Plaintiff maintains entitlement to relief pursuant to §240(1) on the basis of Outar v. City of New York, 286 AD2d 671, 730 NYS2d 138 (subway worker was struck while on subway tracks by an unsecured dolly stored atop a bench wall 5 ½ feet adjacent to the work site) and Orner v. Port Authority of New York and New Jersey, 293 AD2d 517, 740 NYS2d 414 (electrician working on ground level was struck on head and neck by unsecured roofing materials that had fallen from roof). With regards to §241(6), Plaintiff claims specific violations of Industrial code 23-1.7(a)(1) Overhead hazards, and 23-2.1(a) & (2), Maintenance and housekeeping, which respectively require in pertinent part that "every place where persons are required to work or pass that is normally exposed to falling material or objects shall be provided with suitable overhead protection" and that "all building materials shall be stored in a safe and orderly manner. . . .[and] material and equipment shall not be placed or stored so close to any edge of a floor, platform, or scaffold as to endanger any person beneath such edge." The Plaintiff asserts that [§241-a] heretofore not pleadedwas clearly violated inasmuch as that section specifically provides that "all men working in or at elevator shaft ways. . .shall be protected by sound planking. . .laid across the openings at levels not more than two stories above and not more than one story below such men." The Plaintiff cites in support of the foregoing, the matters of Cosgriff v. Manshul Construction Corp., 239 AD2d 312, 657 NYS2d 999 (Plaintiff, at ground level, was struck by an object that fell off a building on a construction site where he was working, and no safety devices had been provided); Van Eken, et. al. v. Consolidated Edison Company of New York, 294 AD2d 352 (A co-worker, attempting to deflect a piece of plywood being lowered into a trench, dropped his jackhammer which struck the Plaintiff), and Santos v. Sure Iron Works, 166 AD2d 571, 560 NYS2d 857 (Plaintiff was struck by a piece of steel decking which fell from the fifth floor of an open elevator shaft while he was working on the second floor level of the shaft way), and a host of other similar cases. Lastly, the Plaintiff contends that issues of fact certainly exist as to whether J.A. Jones-GMO, the work-site coordinator, and the General Contractor, who interfaced with the various sub-contractors and held safety meetings at the job site, violated §200 by their failure to uncover and/or rectify the dangerous condition created by the unsecured plywood either during the opening or closing of the work site.
[*3]
In opposition to the Plaintiff's cross-motion for summary judgment, the Defendant argues that 1. it should not be considered since it was filed 120 days after the filing of the note of issue while the Court rules provide for a maximum span of 60 days, from which no time extension was requested; 2. since Plaintiff's ". . .complaint fails to allege a labor law 241-a cause of action, the Plaintiff's cannot seek summary judgment based on this theory of liability. In addition, said section only applies in instances where the height differential exceeds two floors and no overhead protection is furnished, which was not the case herein; 3. no opposition to summary judgment on the theory of common-law negligence has been interposed by the Plaintiff; 4. since the Plaintiff has only argued violations of Industrial Code §§23-1.7 and 23-2.1, all other alleged code violations should be dismissed; 5. the Court of Appeals, citing Narducci, 96 NY2d 259, supra, in the matter of Roberts v. General Electric Compnay, 97 NY2d 737, 742 NYS2d 188, determined that no viable §240 claim existed when a piece of asbestos, cut from a chemical tank, dropped approximately 12 feet and struck the Plaintiff since "the asbestos that fell on plaintiff was not a material being hoisted or a load that required securing. . ." A similar result was had in the matter of Belcastro v. Hewitt-Woodmere Union Free School District, 286 AD2d 744, 730 NYS2d 535, wherein a piece of plywood fell from a roof striking the Plaintiff worker on the ground floor, since the plywood was not a material being hoisted or a load that required securing at the time that it fell. 6. Plaintiff's labor law claim under §241(6) should fail since Industrial Code 23-1.7(a)(1) deals with locations that are "normally exposed to falling material or objects," which the elevator shaft in the matter sub judice is not. Industrial Code 23-2.1 is inapplicable since it applies to the storage of material and equipment which is not herein alleged; 7. although J.A. Jones' project superintendent at the construction site ". . .would walk the construction site to determine the progress of the work and that he would report (and if necessary have corrected) any 'safety concerns' that he saw," this activity does not establish control of the work site sufficient to impose liability. The Defendant then proceeded to cite a number of cases for the proposition that neither labor law §200 nor Common law negligence liability is established by oversight of timing or coordination of the work and its quality, a general duty to supervise the work and ensure compliance with safety regulations, or the observing and reporting of safety regulations which rests with the subcontractor who performs the day-to-day operations (citing, Brezinski v. Olympia & York Water Streer Co., 218 AD2d 663, 631 NYS2d 23; Buccini v. 1568 Broadway Assocs., 250 AD2d 466, 673 NYS2d 398, etc.); 8. Lastly, the Defendant notes that the project superintendent did not know when the sub-contractor removed or replaced the subject plywood.
In reply to the Defendant's lateness claim, the Plaintiff notes that his earlier summary judgment motion was denied by this Court on November 22, 2002, without prejudice, in light of the fact that the Defendant's Examination before trial had not occurred, and that, therefore, late submission should be allowed by this Court. Since labor law §200 is a codification of common law negligence, Plaintiff claims that he has opposed summary judgment on said basis. In addition, Plaintiff notes that issues of fact were certainly raised by J.A. Jones' site safety director when he indicated in the accident report knowledge of the fact that the subject plywood had not been secured when replaced. In addition, the fact that J.A. Jones' project superintendent at the construction site indicated at his deposition that he had been the one to inform the site safety director of this omission creates additional issues of fact for a jury to determine. Finally, Plaintiff asserts that issues of fact also arise as to whether the specified industrial code sections were [*4]violated by that failure.
The Appellate Division, 1st Department, in the matter of Nevins v. Essex Owners Corp., 276 /ad2d 315, 714 NYS2d 38, aptly noted that "Labor law §200 codifies the common law duty imposed on an owner or general contractor to provide construction site workers with a safe work site (citing, Bessinger v. The Estee Lauder Co., 271 AD2d 343, 707 NYS2d 78), but [that] 'an explicit precondition to this duty is that the party charged with that responsibility have the authority to control the activity bringing about the injury.'(citing, Blessinger, supra, quoting Russin v. Picciano & Son, 54 NY2d 311, 445 NYS2d 127). In addition to showing that the defendant exercised supervisory direction or control over the operation, plaintiff also must show that the defendant had actual or constructive notice of the alleged unsafe condition that caused the accident (citing, Dilena v. The Irving Reisman Irrevocable Trust, 263 AD2d 375, 692 NYS2d 371)." In the matter sub Judice, it would appear that J.A. JONES-GMO, LLC, through its project superintendent at the construction site "exercised supervisory direction and/or control over the operation" such that issues of fact arise as to the extent of that direction/control. Insofar as it is asserted that said project superintendent had informed the site safety advisor of the defective condition that led to the injury, it appears that the basis and time of acquiring this knowledge creates additional issues of fact for a jury to resolve with regards to actual or constructive notice.
It is also quite clear to this Court that the injury herein concerned was not incurred in the course of hoisting or lowering construction materials so as to invoke the protections of Labor law §240 (1); however, that does not end the discussion. The fact is that "both owners and general contractors are strictly liable for providing the necessary devices to protect workers' safety under Labor law §240 (1)" (See Thompson v. St. Charles Condominiums, 303 AD2d 152, 756 NYS2d 530), and
 ". . .where a safety device has been furnished, and it collapses, a prima facie case of liability under Labor law §240 (1) is established" (citing, Aragon v. 233 W. 21st St., Inc., 201 AD2d 353, 607 NYS2d 642). The Appellate Division, 1st Dept., in the Thompson, 303 AD2d 152, supra, matter went on to distinguish the Narducci, supra, case by pointing out that the falling glass in that instance had been caused "merely by gravity, not any absence of, or defect in, a protective device needed for the job." That is not a distinction which can be made in this instance since all parties are agreed that the injury resulted from the failure to have properly secured a safety device. In addition, the failure to have properly secured the plywood covering may or may not constitute violations of the Industrial Code sections highlighted by the Plaintiff. Furthermore, as in the Thompson, 303 AD2d 152, supra, matter, it is not at all clear on the submissions made to this Court that the Defendants owners, managing agent, and construction manager for the project "successfully and properly transferred [their] obligations" to the general and/or sub-contractors to which they impute liability. 
On the basis of the foregoing, this Court finds that neither side has convincingly demonstrated the absence of triable issues of fact to warrant the granting of summary judgment in its favor with regards to common law negligence and/or under NYS Labor Law §§200 (provision of safe work environment), 240(1) (hoisting/lowering of materials/loads), and 241(6) (code violations). WHEREFORE, Defendant and Plaintiff's respective motions are denied in their entirety. This constitutes the decision and Order of this Court.
[*5] JSC
Decision Date: December 24, 2003