Moniusko v Chatham Green, Inc. (2004 NY Slip Op 50543(U))

[*1]

Moniusko v Chatham Green, Inc.

2004 NY Slip Op 50543(U)

Decided on June 15, 2004

Supreme Court, Kings County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 15, 2004

Supreme Court, Kings County
JOSEPH MONIUSKO, Plaintiff,
against
CHATHAM GREEN, INC., Defendant.
76058/00

Yvonne Lewis, J.
Pursuant to CPLR 3212, the plaintiff seeks summary judgment herein, in accordance with Labor Law Section 240(1), against the defendant, Chatham Green, Inc. and third-party defendant, DJM Contracting Corp. in an action for personal injuries incurred by the plaintiff, an employee of Plaza Restoration, Inc., in the course of pointing bricks on the facade of the premises known as 185 Park Row, New York, NY. Chatham Green, Inc. is the owner of the mentioned premises which had hired contractor DJM Contracting Corp. to perform certain work, labor, and services on said premises, which, in turn, hired subcontractor Plaza Restoration, Inc. (which has defaulted herein)
to perform the waterproofing at the site. The plaintiff sustained his injuries from a sixteen foot drop while in the process of pointing the brick facade of a tower structure which extended over the roof line. As the plaintiff was attempting to place a bucket of cement onto a scaffold, ". . .one of the hooks holding the scaffold to the roof of the building broke and slipped off the roof causing the scaffold to tilt and fall its momentum pulling the plaintiff down with it and causing [*2]him to fall down to the roof of the building. . ." It is the plaintiff's position that "Section 240(1) imposes a non-delegable duty upon the owners and general contractors of a construction site and casts absolute liability upon the owners and general contractors for a violation of [the] statute, even if they were not on the construction site and did not supervise the work in question. The statute imposes liability upon the owners and general contractors regardless of fault or negligence on their part (citing, Long v. Forest-Fehlhaber, 55 NY2d 154, 448 NYS2d 132 (1982); Haimes v. New York Tel. Co., 46 NY2d 132, 412 NYS2d 863 (1978), etc.). In addition, the plaintiff notes that the statute does not require that the owner and/or contractor have notice of the defect (citing, Lombardi v. Stout, 80 NY2d 290, 590 NYS2d 55).
The defendant/third-party plaintiff, Chatham Green, Inc., has crossed moved this Court for summary judgment to dismiss the plaintiff's claim; to award it contractual and common-law indemnification; and to deny plaintiff's request for summary judgment. The crux of defendant's argument are 1. that ". . .because plaintiff's failure to use the safety device [harness] provided to him was the sole proximate cause of his own injury, CHATHAM cannot be held liable under labor law §240(1). Additionally, since plaintiff was a recalcitrant worker, his labor law §240(1) [claim]
must be dismissed;" 2. ". . .because CHATHAM did not direct, supervise, or control plaintiff's work, plaintiff's labor law §200 and common law negligence claims cannot be sustained; 3.
". . .since neither plaintiff nor third-party defendant/fourth-party plaintiff DJM CONTRACTING CORP. can prove that CHATHAM was negligent, DJM is contractually obligated to indemnify CHATHAM; and 4. ". . .since plaintiff has failed to allege any applicable violation of the Industrial Code, his labor law §241(6) [claim] must be dismissed as a matter of law."
DJM Contracting Corp. joins in defendant's arguments for summary judgment to dismiss the plaintiff's complaint; however, opposes any claim of contractual or common-law indemnification owed to said defendant since it did not exert any direction, control, or supervision of the work in this matter. More to the point, DJM notes that it ". . .retained PLAZA RESTORATION to do the work in question, pursuant to a contract. . . .[containing] an indemnification provision. . .requiring PLAZA to indemnify DJM for any negligence of the subcontractor or its employees. Plaintiff indicated that there was no one at the scene other than PLAZA, that he had never heard of DJM, and took orders only from PLAZA personnel."
In response to the cross motions of the defendant and the third-party defendant, the plaintiff counters that ". . .the safety harness referred to was to protect the plaintiff while on the scaffold. However, there was (sic) no safety devices whatsoever provided to the plaintiff while on the roof of the water tower so that when he was caused to lose his balance due to the broken scaffold hook, he was unrestrained and fell and injured himself. . . .The plaintiff was not a 'recalcitrant' worker. The cause of the accident was the malfunctioning of the hooks that were supposed to hold the
[*3]
scaffold safely to the parapet wall of the water tower."
In reply, Chatham notes that since no opposition was interposed to its request for dismissal of the plaintiff's claims under labor law §§ 241(6) and 200 and common law negligence, that relief should be granted. In regards to the indemnification issue, Chatham asserts that DJM was "contractually obligated to indemnify CHATHAM not only for claims arising out of its own negligence, but also for claims arising from the negligence of any subcontractor. . .[and] where there is no evidence that an owner was negligent; i.e., that it directed, supervised or controlled plaintiff's work, it is entitled to summary judgment as against the contractor based upon a contractual agreement." (Citing, Brown v. Two Exchanges Plaza Partners, 76 NY2d 172, 556 NYS2d 991; and Lazzaro v. NJM Industries Inc., 288 AD2d 440, 733 NYS2d 500).
DJM Contracting joins and adds to the foregoing by pointing out that ". . .the industrial code sections cited by the plaintiff as operative in this matter, 12 NYCRR 23-1.7, which indicates that a belt and harness are to be used whenever a worker is close to an 'edge of an opening', and does not in fact mention scaffolds. . . .Contrary to the plaintiff's contention, plaintiff was provided with safety equipment to protect him while on the roof, not just on the scaffold. . . .the plaintiff himself points out that in his opposition, that he was holding the scaffold and loading it with cement. As such any precautions that should have been taken while standing on the scaffold should logically have been taken at the time of the accident itself. . . .Plaintiff also fails to address the fact that. . .the scaffold did not fall while he was holding on to it, but instead that plaintiff testified that he in fact grabbed onto it once he saw it begin to come loose, in the attempt to hold it
up. . . .The plaintiff herein was provided with exactly what was required under the circumstances: a safety harness, with a line secured to a metal beam."
"Labor Law §200 codifies the common law duty imposed on an owner or general contractor to provide construction site workers with a safe work site" (See Nevins v. Essex Owners Corp., 276 AD2d 315, 714 NYS2df 38; Bessinger v. The Estee Lauder Co., 271 AD2d 343, 707 NYS2d 78). However, an explicit precondition to this duty is that the party charged with that responsibility have the authority to control the activity bringing about the injury." (See Russin v. Picciano & Son, 54 NY2d 311, 445 NYS2d 127). It is equally the fact that "both owners and general contractors are strictly liable for providing the necessary devices to protect workers' safety under Labor Law §240(1)" (See Thompson v. St. Charles Condominiums, 303 AD2d 152, 756 NYS2d 530), and
". . .where a safety device has been furnished, and it collapses, a prima facie case of liability under Labor Law §240(1) is established" (See Aragon v. 233 W. 21st St., Inc., 201 AD2d 353, 607 NYS2d 642). In the within matter, it has been established that both the owner and general contractor did not control, direct, and/or supervise the work being performed at the time of the accident, and that the requisite safety devices had been furnished at the work site. It is also clear that although the plaintiff, by having voluntarily removed his safety harness, may be largely responsible for the resultant sixteen foot fall and the extent of his injuries, the fact remains that the proximate cause of the accident was a broken scaffold hook. In other words, the plaintiff was [*4]not, as alleged by the defendants, the "sole proximate cause" of the accident herein. Therefore, plaintiff's motion for summary judgment herein, in accordance with Labor Law Sections 200 (provision of safe work
environment) and 240(1) (hoisting/lowering of materials/loads), against the defendant, Chatham Green, Inc. and third-party defendant, DJM Contracting Corp. is granted. Additionally, plaintiff's request for summary judgment under Labor Law Section 241(6) (code violations) is denied. Furthermore, inasmuch as it is unequivocal that rights to indemnification exists herein, it is the judgment of this Court that fourth-party defendant, Plaza Restoration, Inc., is contractually required to indemnify DJM Contracting Corp., the third-party defendant, which is required to contractually indemnify Chatham Green, Inc., the defendant herein. This constitutes the decision and order of this Court. ________________________________
 JSC