■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. MURIEL PHILBIN, Individually and as Executrix of WILLIAM PHILBIN, Deceased, Respondent, v A.C. AND S., INC., et al., Defendants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. [807 NYS2d 84]—

Order, Supreme Court, New York County (Helen Freedman, J.), entered June 2, 2005, which denied the motion for summary judgment by defendant Consolidated Edison Company of New York, Inc. (Con Edison), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of Con Edison dismissing the complaint and all cross claims as against it.

According to plaintiff's appellate brief, the claim against Con Edison is based on the decedent's testimony that, while employed on a roofing project at a Con Edison facility for two months during the 1970s, his work cutting roofing material exposed him to asbestos dust. Con Edison's motion for summary judgment should have been granted, as the present record affords no evidentiary basis for holding Con Edison liable on plaintiff's common-law negligence and Labor Law § 200 causes of action. There is no evidence that Con Edison supervised or controlled the decedent's work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]; *Mazzocchi v International Bus. Machs.*, 294 AD2d 151, 151-152 [2002]); in this regard, we note that the mere presence of Con Edison personnel at the work site, while perhaps indicative of a general right of inspection, does not suffice to create an inference of supervisory control (*see Comes*, 82 NY2d at 877; *Mazzocchi*, 294 AD2d at 152). Nor is there any evidence that the decedent's alleged asbestos exposure arose from a workplace condition created by, or known to, Con Edison, rather than from the contractor's work methods (*cf. Murphy v Columbia Univ.*, 4 AD3d 200, 202 [2004]). In addition, plaintiff failed to present any admissible evidence that the roofing material the decedent cut contained asbestos.

We reject plaintiff's argument that Con Edison's moving

papers failed to establish a prima facie entitlement to judgment. The attorney's affirmation on which Con Edison moved, although it did not have the relevant transcripts attached, summarized the deposition testimony relied upon, and transcripts of such testimony were supplied with plaintiff's opposition papers, which raised no procedural objections. Concur—Tom, J.P., Andrias, Friedman, Sullivan and Malone, JJ.