■ In the Matter of NEW YORK CITY ASBESTOS LITIGATION. ANGELA TORTORELLA, Individually and as Executrix of JOSEPH TORTORELLA, Deceased, Respondent, v A.C. AND S., INC., et al., Defendants, and CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant. [807 NYS2d 352]—

Order, Supreme Court, New York County (Helen Freedman, J.), entered on or about June 17, 2005, which denied the motion for summary judgment by defendant Consolidated Edison Company of New York, Inc. (Con Edison), unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of Con Edison dismissing the complaint and all cross claims as against it.

The claim against Con Edison is based on the alleged exposure of the decedent, an electrician, to asbestos dust while he was installing emergency generators and lighting at a Con Edison facility for about a year in the mid-1960s. It appears that such alleged asbestos exposure would have resulted from work by insulation contractors that was ongoing at or about the same time and place as the decedent's work. There is no evidence that Con Edison exercised supervisory control over the work of either the insulation contractors or the decedent, or that Con Edison coordinated the work of the various trades or had the authority to exclude workers from particular sites. Nor is there any evidence that the alleged asbestos exposure resulted from a workplace condition created by, or known to, Con Edison, rather than from the contractors' work methods. Accordingly, Con Edison is entitled to summary judgment dismissing plaintiff's common-law negligence and Labor Law § 200 causes of action (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877 [1993]; Mazzocchi v International Bus. Machs., 294 AD2d

151, 151-152 [2002]; *cf. Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 353 [1998]; *Murphy v Columbia Univ.*, 4 AD3d 200, 202 [2004]).

We reject plaintiff's argument that Con Edison's moving papers failed to establish a prima facie entitlement to judgment. The attorney's affirmation on which Con Edison moved, although it did not have the relevant transcripts attached, summarized the deposition testimony relied upon, and transcripts of such testimony were supplied with plaintiff's opposition papers, which raised no procedural objections. Concur—Tom, J.P., Andrias, Friedman, Sullivan and Malone, JJ.