■ Luis Gomez, Respondent, v V & G Electric, Inc., Appellant, and Matell Contracting Company, Inc., Respondent, et al., Defendant. V & G Electric, Inc., Third-Party Plaintiff-Appellant, v Surf Club, Third-Party Defendant-Respondent. (And Other Third-Party Actions.) [814 NYS2d 604]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered on or about February 17, 2005, which, to the extent appealed from, granted defendant Matell Contracting Company's motion for summary judgment dismissing the complaint and defendant V & G Electric's cross claim against it, and order, same court and Justice, entered March 4, 2005, which granted third-party defendant Surf Club's motion for summary judgment dismissing V & G Electric's third-party claim against it, unanimously affirmed, without costs.

Matell demonstrated that it exercised no supervisory control over plaintiff's work (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]), and V & G offered no evidence to the contrary.

Surf Club met its burden of demonstrating that plaintiff did not sustain a grave injury within the meaning of Workers' Compensation Law § 11 (*cf. Rubeis v Aqua Club, Inc.*, 3 NY3d 408 [2004]), and V & G failed to present evidence from which a

reasonable factfinder could find to the contrary. Surf Club's expert found no objective clinical evidence of any underlying neurological condition or disorder attributable to plaintiff's 1997 injury from an electric shock. While plaintiff's treating physician concluded that the patient's major depressive disorder and post-traumatic stress disorder were causally related to the accident, his opinion was unsupported by any diagnostic data, and thus was insufficient to establish "an acquired injury to the brain caused by an external physical force resulting in permanent total disability" (Workers' Compensation Law § 11). Concur—Andrias, J.P., Saxe, Williams, Sweeny and McGuire, JJ.