■ Roy Fischetto et al., Appellants, v LB 745 LLC, York, Respondent. [842 NYS2d 429]—

Order, Supreme Court, New York County (Jane S. Solomon, J.), entered August 22, 2005, which, insofar as appealed from, granted defendant's motion to dismiss the injured plaintiff's causes of action under Labor Law §§ 200 and 240 (1), and denied plaintiffs' cross motion for summary judgment on the issue of defendant's liability under Labor Law § 240 (1), unanimously modified, on the law, to reinstate the Labor Law § 240 (1) claim, and otherwise affirmed, without costs. Appeal from order, same court and Justice, entered January 20, 2006, which denied plaintiffs' motion to reargue, unanimously dismissed, without costs, as taken from a nonappealable order.

The motion court dismissed the section 240 (1) claim on the ground that the cleaning work plaintiff was performing at the time of his fall was routine maintenance and was not incidental to construction, demolition or repair work, and did not involve a significant alteration to the premises. However, this is not the "crucial consideration under section 240 (1)" (*Broggy v Rockefeller Group, Inc.*, 8 NY3d 675, 681 [2007]). "Rather, liability turns on whether a particular window washing task creates an elevation-related risk of the kind that the safety devices listed in section 240 (1) protect against" (*id.*). Here, however, defendant did not move to dismiss the section 240 (1) claim on this particular ground, and we decline to resolve this issue on the record before us.

The section 200 claim was properly dismissed because the alleged dangerous condition arose from plaintiff's employer's methods over which defendant property owner exercised no supervisory control (*see Comes v New York State Elec. & Gas Corp.*, 82 NY2d 876 [1993]). It does not avail plaintiff to argue that defendant knew or should have known that use of the portable gantry supplied by plaintiff's employer, an independent contractor, to lift one-ton steel doors to the building's condenser unit presented a dangerous condition on the premises (*id.* at 878). In any event, plaintiff fails to adduce evidence sufficient to raise an issue of fact as to whether defendant knew or should

have known that the gantry was dangerous. Concur—Saxe, J.P., Marlow, Nardelli, Sweeny and Catterson, JJ.

Reargument granted and, upon reargument, the decision and order of this Court entered on January 25, 2007 (36 AD3d 538 [2007]) recalled and vacated and a new decision and order substituted therefor. Leave to appeal to the Court of Appeals denied, as academic.