Order, Supreme Court, New York County (Doris Ling-Cohan, J.), entered April 1, 2009, which, to the extent appealed from as limited by the briefs, granted defendants’ motions for summary judgment dismissing plaintiffs Labor Law § 241 (6) and § 200 and common-law negligence claims, unanimously modified, on the law, to deny so much of the motion as sought to dismiss the Labor Law § 241 (6) cause of action, and otherwise affirmed, without costs.
Defendant Malcolm Pirnie, Inc. contends that, as the construction manager on the project, it cannot be held liable under Labor Law § 241 (6) (see Walls v Turner Constr. Co., 4 NY3d 861, 863-864 [2005]). We find that whether Pirnie is subject to statutory liability in this case cannot be determined as a matter of law, in view of the terms of Pirnie’s contract with defendant Department of Environmental Protection (DEP), which permitted Pirnie to choose subcontractors, and the testimony of the safety engineer for the injured plaintiffs employer that Pirnie was in charge of construction (while another entity hired by DEP was in charge of safety inspection) (see Mulcaire v Buffalo Structural Steel Constr. Corp., 45 AD3d 1426, 1428 [2007]).
The Labor Law § 200 and common-law negligence claims were correctly dismissed, since the record demonstrates that the injured plaintiffs injuries arose from the manner in which plaintiff performed his work, not from a defective condition of the workplace, and that none of the defendants exercised any control over plaintiffs work methods (see Comes v New York State Elec. & Gas Corp., 82 NY2d 876 [1993]; Blessinger v Estee Lauder Cos., 271 AD2d 343 [2000]).
While the other Industrial Code provisions relied on by plaintiff are either inapplicable to the facts of this case or insufficiently specific to permit recovery under Labor Law § 241 (6), the record presents issues of fact that preclude summary dismissal of the section 241 (6) claim insofar as it is based on an *412 alleged violation of Industrial Code (12 NYCRR) § 23-9.2 (a). This provision “imposes an affirmative duty on employers to ‘correctt ] by necessary repairs or replacement’ ‘any structural defect or unsafe condition’ in equipment or machinery ‘[u]pon discovery’ or actual notice of the structural defect or unsafe condition” (Misicki v Caradonna, 12 NY3d 511, 521 [2009] [quoting the regulation]). The record demonstrates that the driver’s side door of the truck plaintiff used could not be opened from the inside; that, as a result, plaintiff had begun starting the truck while sitting in the driver’s seat with one leg outside to keep the door from closing; and that on the day of the accident the truck moved while plaintiff was in that position, plaintiff fell onto the ground, and one wheel of the truck rolled over him. Whether the inability to open the truck door constitutes a “structural defect or unsafe condition” within the meaning of 12 NYCRR 23-9.2 (a) and, if so, whether this structural defect or unsafe condition was the proximate cause of plaintiffs injuries must be determined by a factfinder (see Misicki, 12 NY3d at 521). Contrary to defendants’ contention, their own lack of notice of the condition of the truck door is of no moment, since the record demonstrates that plaintiffs employer had been alerted to the problem before the day of the accident (see id.; Leon v Peppe Realty Corp., 190 AD2d 400, 408-409 [1993]). We note that defendants have not challenged the application of subpart 23-9 of the Industrial Code (which includes section 23-9.2) to a truck of the kind involved in the subject incident. Concur—Friedman, J.E, Nardelli, Moskowitz, Freedman and Manzanet-Daniels, JJ.