Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered July 23, 2012, which, insofar as appealed from as limited by the briefs, denied defendant/third-party plaintiff New York Elevator & Electrical Corporation’s (NYE) motion for summary judgment dismissing the portion of the amended complaint that alleged negligence based upon the condition of the building’s fifth-floor hoistway door interlock, denied NYE’s motion for summary judgment dismissing the contribution claims against it, denied NYE’s motion for summary judgment on its common-law indemnification claims against defendant Winoker Realty Co., Inc. and third-party defendant Broadway 36th Realty, LLC, granted so much of Winoker’s and Broadway’s respective motions for summary judgment as sought dismissal of NYE’s common-law indemnification claims against them, denied the portion of Winoker’s motion for summary judgment that sought dismissal of the cross claims for contribution against it *598 and dismissal of Broadway’s cross claim for contractual indemnification against it, and denied the portion of Broadway’s motion for summary judgment that sought dismissal of the contribution claims against it and dismissal of Winoker’s cross claim for contractual indemnification against it, unanimously modified, on the law, to dismiss the amended complaint in its entirety as against NYE, dismiss Broadway’s counterclaim and Winoker’s cross claim for contribution against NYE, dismiss NYE’s third-party claim and Winoker’s cross claim for contribution against Broadway, dismiss Winoker’s cross claim for contractual indemnification against Broadway, dismiss Broadway’s cross claim for contractual indemnification against Winoker, dismiss NYE’s and Broadway’s cross claim for contribution against Winoker, and otherwise affirmed, without costs. The Clerk is directed to dismiss the amended complaint, the third-party complaint, and all counterclaims and cross claims.
In this action, plaintiff seeks damages for the alleged wrongful death of decedent, who fell down a freight elevator shaft in a building owned by third-party defendant Broadway and managed by defendant Winoker.
The amended complaint should have been dismissed as against defendant/third-party plaintiff NYE in its entirety. NYE did not have an exclusive agreement with Broadway to maintain or service the freight elevator (compare Rogers v Dorchester Assoc., 32 NY2d 553, 559 [1973]; Isaac v 1515 Macombs, LLC, 84 AD3d 457, 458 [1st Dept 2011], lv denied 17 NY3d 708 [2011]). It was merely retained on an on-call basis to make specific repairs and inspections and, therefore, did not have a duty to inspect or repair unrelated defects (see McMurray v P.S. El., 224 AD2d 668, 670 [2d Dept 1996], lv denied 88 NY2d 811 [1996]; Casey v New York El. & Elec. Corp., 82 AD3d 639, 640 [1st Dept 2011]). Indeed, NYE may only be held liable if it failed to exercise reasonable care in making any requested repairs or inspections (see McMurray, 224 AD2d at 670; see also Sanzone v National El. Inspection Serv., 273 AD2d 94, 94 [1st Dept 2000]).
Here, there is no evidence that NYE was negligent in inspecting the freight elevator in August 2007, 13 months before the accident. In particular, the record is bereft of any evidence that the fifth-floor hoistway door interlock had been bypassed or was in a dangerous condition when NYE conducted the inspection. In fact, the evidence indicates that the interlock functioned properly at the time of the inspection. Indeed, the building’s former superintendent testified that the alleged hazardous condition never existed during his 18-year tenure as superintendent, which ended days before the accident. In addition, the *599 Department of Buildings’ (DOB) February 20, 2008 notice of violation, issued 7 months before the accident, does not mention the fifth-floor hoistway door interlock, and according to NYE’s expert, “[i]f at the time of [the DOB] inspection there were other existing violating conditions they would have been noted.”
Because the amended complaint against NYE should have been dismissed, Broadway’s counterclaim and Winoker’s cross claim for contribution against NYE, and NYE’s claims for contribution against Broadway and Winoker, should also have been dismissed (see San Andres v 1254 Sherman Ave. Corp., 94 AD3d 590, 592 [1st Dept 2012]; Dilena v Irving Reisman Irrevocable Trust, 263 AD2d 375, 377 [1st Dept 1999]). The court properly dismissed NYE’s common-law indemnification claims against Broadway and Winoker, and NYE was not entitled to summary judgment on those claims (see id.).
Broadway’s cross claim for contractual indemnification against Winoker should have been dismissed, given the plain language of the indemnification clause in their agreement (see generally Hogeland v Sibley, Lindsay & Curr Co., 42 NY2d 153, 158-159 [1977]). In any event, Broadway has abandoned any arguments with respect to its cross claim by failing to address it in its appellate briefs (see Asabor v Archdiocese of N.Y., 102 AD3d 524, 528 n 1 [1st Dept 2013]).
Broadway’s cross claim for contribution against Winoker also should have been dismissed, as Winoker lacked exclusive control and authority, under its management contract with Broadway, to expend funds for repairs (cf. Ortiz v Gun Hill Mgt., Inc., 81 AD3d 512 [1st Dept 2011]).
Lastly, Winoker’s cross claims for contribution and contractual indemnification against Broadway should have been dismissed, since the court dismissed the amended complaint as against Winoker (see Dilena, 263 AD2d at 377). Concur — Andrias, J.P., Friedman, Sweeny, Saxe and Richter, JJ.