■ FREDDIE BUSH, Respondent, v GOODYEAR TIRE & RUBBER COMPANY et al., Defendants, and BLOCKBUSTER INC., Appellant. [779 NYS2d 206]—

Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered October 17, 2003, which, to the extent appealed from, denied defendant Blockbuster's motion for summary judgment dismissing plaintiff's claims based on Labor Law § 240 (1) and § 241, unanimously modified, on the law, and on a search of the record, partial summary judgment granted plaintiff as to liability on his section 240 (1) claim, and otherwise affirmed, without costs.

Plaintiff's employer was hired by Blockbuster to perform certain construction work at Blockbuster's leased premises.

Part of the work entailed piling debris into a ground-level dumpster for disposal the following morning. While plaintiff was atop the dumpster, attempting to level the debris inside, his arm hit a wire and he fell to the ground. Because the work in which he was engaged required him to climb the dumpster, the absence of a proper safety device created the kind of foreseeable risk within the contemplation of section 240 (1) (*see Oliveira v Dormitory Auth. of State of N.Y.*, 292 AD2d 224 [2002]).

Blockbuster's status as a tenant does not shield it from liability under sections of the Labor Law pertaining to property owners. The fact that Blockbuster was in control and hired the contractor to do the work for its benefit determines the issue here (*see Bart v Universal Pictures*, 277 AD2d 4 [2000]). Concur—Buckley, P.J., Mazzarelli, Friedman, Gonzalez and Catterson, JJ.