■ RUDDY RODRIGUEZ et al., Infants, by Their Mother and Natural Guardian, MAYRA RODRIGUEZ, et al., Plaintiffs, v PELHAM PLUMBING & HEATING CORP. et al., Defendants, and RUCON

PROPERTIES, LLC, Defendant and Third-Party Plaintiff-Respondent. BROWN STOVE WORKS, INC., Third-Party Defendant-Appellant and Second Third-Party Plaintiff-Appellant. MIL-BROOK PROPERTIES, Second Third-Party Defendant-Respondent. [799 NYS2d 27]—

Order, Supreme Court, Bronx County (Yvonne Gonzalez, J.), entered December 15, 2004, insofar as it denied portions of the motion of third-party defendant Brown Stove Works, Inc. (Brown) for summary judgment dismissing all claims, cross claims and counterclaims as against it, unanimously affirmed, without costs.

The infant plaintiffs were allegedly injured when a stove in their apartment tipped over spilling hot food on them. Third-party defendant Brown was the manufacturer of the stove and it is alleged in the third-party action against Brown, inter alia, that plaintiffs' harm is attributable to design defects in the stove and Brown's failure to adequately warn that the stove would present an inordinate risk of instability unless installed with an anti-tip bracket. Except for the allegation in the supplemental third-party bill of particulars relating to Brown's purported failure to provide bilingual manuals, all of the allegations therein merely elaborate upon previously asserted theories of negligence and, accordingly, were not subject to dismissal for belatedly introducing new theories of liability (*see Orros v Yick Ming Yip Realty, Inc.*, 258 AD2d 387, 388 [1999]). Also proper was the partial denial of Brown's motion for summary judgment, since the conflicting affidavits of the parties' respective engineering experts raised triable issues (*see Pascual v Kingsley Realty Holdings, Ltd.*, 8 AD3d 26 [2004]) as to whether Brown may be held accountable for plaintiffs' accident on a defective design and/or failure to warn theory.

We have considered Brown's argument to the effect that the spoliation of evidence sanction imposed by the motion court was inadequate and find it unavailing. The unavailability of the particular stove involved in plaintiffs' accident should present no impediment to Brown in defending itself against the third-party

design defect and failure to warn claims, which do not turn on the condition of any specific stove unit.

Finally, we have considered and rejected, as premature, Brown's remaining contention. Concur—Tom, J.P., Saxe, Friedman and Marlow, JJ.