■  ALEXANDER MESSINA et al., Respondents, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, and E.A. TECHNOLOGIES/ PETROCELLI, J.V., LLC, et al., Appellants, et al., Defendant. [922 NYS2d 70]—

Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered September 24, 2010, which, to the extent appealed

from as limited by the briefs, denied the motions of defendants E.A. Technologies/Petrocelli, J.V., LLC, Stevens Appliance Truck, Co. and New Haven Moving Equipment Corporation for summary judgment dismissing the complaint and all cross claims as against them, unanimously affirmed, without costs.

Plaintiff was injured when the 1,000-pound load he was moving with a hand truck fell onto him. The court properly found that triable issues remain as to plaintiff's products liability claims with respect to defendant Stevens Appliance Truck, Co., the manufacturer of the hand truck, and New Haven Moving Equipment Corporation, the distributor of the hand truck. The conflicting affidavits of the parties' engineering experts raised triable issues as to whether defendants may be held accountable for plaintiff's accident on a defective design and/or failure to warn theory (*see e.g. Rodriguez v Pelham Plumbing & Heating Corp.*, 20 AD3d 314 [2005]).

The evidence also presents triable issues of fact regarding whether plaintiff was a special employee of defendant E.A. Technologies/Petrocelli, J.V. at the time plaintiff sustained his injuries. The record remains unclear as to, among other things, which party assumed exclusive control over the manner, details and ultimate result of plaintiff's work (*see Thompson v Grumman Aerospace Corp.*, 78 NY2d 553, 557 [1991]). Concur—Saxe, J.P., Friedman, Freedman and Richter, JJ. **[Prior Case History: 2010 NY Slip Op 32643(U).]**