■ PATRICK NOEL FOLEY, Respondent-Appellant, v CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Respondent, and JOHN DEERE CONSUMER PRODUCTS, INC., et al., Appellants-Respondents, et al., Defendants. JOHN DEERE CONSUMER PRODUCTS, INC., et al., Third-Party Plaintiffs-Appellants, v ROADWAY CONTRACTING, INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [923 NYS2d 57]—

Order, Supreme Court, Bronx County (John A. Barone, J.), entered October 6, 2010, which granted defendant Consolidated Edison's (Con Edison) motion for summary judgment dismissing the complaint and any cross claims against it, granted third-party defendant Roadway Contracting, Inc.'s (Roadway) motion for summary judgment dismissing defendant John Deere Consumer Products, Inc.'s, Homelite, Inc.'s, Homelite Consumer Products Holding, Inc.'s, and Ryobi Technologies, Inc.'s (John Deere) third-party action against it, and denied John Deere's motion to strike the complaint and Roadway's third-party answer as spoliation sanctions, unanimously affirmed, without costs.

Plaintiff commenced this action to recover for burn injuries he sustained while excavating a trench in lower Manhattan for his employer Roadway, which was a subcontractor for Con Edison. Plaintiff was burned when a hand-held saw manufactured by John Deere caught on fire as he was attempting to cut through a pipe.

The record evidence demonstrated that Con Edison did not control the method and means of plaintiff's work and at most exercised general supervisory powers over plaintiff, which cannot form a basis for the imposition of liability (*see Goodwin v Comcast Corp.*, 42 AD3d 322 [2007]). In particular, while Con Edison directed Roadway crews to excavate certain sites, Roadway controlled the methods and means of such excavation. Further, and most significant to the claims in this action, Roadway furnished its own tools and equipment to complete its work, including the saw which caught on fire, and Con Edison had no control over the equipment used by plaintiff to enable it to avoid or correct the alleged unsafe condition of the saw (*see Rizzuto v L.A. Wenger Contr. Co.*, 91 NY2d 343, 352 [1998]).

Although it is true that Con Edison inspectors were always on site, the mere presence of Con Edison's personnel on site is insufficient to infer supervisory control (*see Matter of New York City Asbestos Litig.*, 25 AD3d 374 [2006]). Nor is a triable issue presented by the fact that Con Edison employees may have inspected the excavations and admonished Roadway employees to hurry the work (*see Haider v Davis*, 35 AD3d 363 [2006]). Moreover, there is no evidence that Con Edison "gave anything more than general instructions on what needed to be done, not how to do it, and monitoring and oversight of the timing and quality of the work is not enough to impose liability under [Labor Law § ] 200" (*Dalanna v City of New York*, 308 AD2d

400, 400 [2003]). Finally, the fact that Con Edison had the authority to stop work for safety reasons is insufficient to raise a triable issue of fact with respect to whether it exercised the requisite degree of supervision and control over the work being performed to sustain a claim under Labor Law § 200 or for common-law negligence (*see Hughes v Tishman Constr. Corp.*, 40 AD3d 305 [2007]).

Contrary to John Deere's contention, the contract between Con Edison and Roadway does not evidence that Con Edison had a contractual right of control sufficient to establish that it exercised control or supervision over plaintiff's work. The contractual terms relied on by John Deere merely establish that Con Edison had general supervisory authority and do not establish that Con Edison controlled how plaintiff performed the injury-producing work.

We further find that Supreme Court properly dismissed the Labor Law § 241 (6) claim against Con Edison. Plaintiff failed to plead any specific Industrial Code violations, and did not address the issue in opposition to Con Edison's motion. Thus, plaintiff has indicated an intention to abandon this theory of liability (*see Brown v Christopher St. Owners Corp.*, 2 AD3d 172 [2003], *lv dismissed* 1 NY3d 622 [2004]). Assuming, without deciding, that John Deere has a basis to assert violations of Industrial Code sections in support of its cross claim against Con Edison, we find that the sections cited by John Deere—12 NYCRR 12-1.7, 23-9.2 (a) and 23-10.3—are inapplicable to this case.

Supreme Court properly granted Roadway's motion for summary judgment dismissing John Deere's third-party action. The written contract in evidence containing an indemnification clause was between Con Edison and Roadway and thus John Deere cannot claim indemnification based on that agreement. Further, Roadway established that it could not be liable for contribution or indemnification on the ground that plaintiff sustained a "grave injury" as defined in Workers' Compensation Law § 11. In particular, Roadway established that there was no evidence that plaintiff sustained permanent or severe facial disfigurement as a result of his burns.

Supreme Court providently exercised its discretion in denying John Deere's motion to dismiss the complaint and Roadway's third-party answer as sanctions for spoliation of evidence and in granting John Deere leave to seek an adverse inference charge at trial (*see Ortega v City of New York*, 9 NY3d 69, 76 [2007]). There was no evidence that plaintiff had control of the saw following the accident, and once he was released from the hospital

nearly a month following the accident, he attempted to locate and preserve the saw from his employer to no avail. We also find no basis to preclude Roadway from moving for summary judgment based on the Workers' Compensation Law.

Plaintiff and John Deere are equally affected by the loss of the saw; neither party has reaped an unfair advantage in the litigation as neither party can inspect the saw (*see De Los Santos v Polanco*, 21 AD3d 397, 398 [2005]). Further, because plaintiff's action is based on design defect and failure to warn claims, the unavailability of this particular saw does not prejudice John Deere's ability to defend itself in this action, as the same alleged defect would appear in other products of the same design (*see Rodriguez v Pelham Plumbing & Heating Corp.*, 20 AD3d 314, 315-316 [2005]).

We have considered appellants' remaining claims and find them unavailing. Concur—Tom, J.P., Mazzarelli, Acosta, DeGrasse and Román, JJ.