Order, Supreme Court, New York County (Joan M. Kenney, J.), entered August 3, 2012, which, to the extent appealed from, granted plaintiff’s motion to strike the answer of defendants-appellants (defendants) to the extent of allowing a negative inference charge against them, and denied defendants’ cross
*587 motion for sanctions against plaintiff, unanimously affirmed, with costs.
Contrary to defendants’ arguments, this Court has frequently upheld orders striking pleadings or granting negative inference charges in cases of inadvertent destruction of evidence (see e.g. Foley v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 476, 478-479 [1st Dept 2011]). Since it is not clear from the record in this case that the destruction of evidence was in all instances inadvertent, the court properly granted a negative inference charge, leaving it to the factfinder to determine whether defendants’ explanations for the destruction are reasonable and the inference to be drawn from the destruction if they are not (see Gogos v Modell’s Sporting Goods, Inc., 87 AD3d 248, 255 [1st Dept 2011]; see also General Motors Acceptance Corp. v New York Cent. Mut. Fire Ins. Co., 104 AD3d 523 [1st Dept 2013]).
Even assuming plaintiff violated the one court order identified by defendants, it was the only such violation, and defendants failed to show that it was intentional. Nor do defendants cite any authority for the proposition that every unsatisfactory answer to a demand for a bill of particulars and every unsatisfactory answer given at a deposition constitutes a separate and distinct discovery violation.
We have considered defendants’ remaining arguments and find them unavailing.
Concur—Andrias, J.R, Acosta, Freedman, Richter and Gische, JJ.