(March 4, 2014)

■ Karlo Morato-Rodriguez, Respondent, v Riva Construction Group, Inc., Defendant, 1412 Broadway, LLC, Respondent, and Admit One, LLC, Appellant. [981 NYS2d 403]—

Order, Supreme Court, Bronx County (Maryann Brigantti-Hughes, J.), entered August 3, 2012, which, to the extent appealed from as limited by the briefs, granted plaintiff's motion for partial summary judgment as to liability under Labor Law § 240 (1) and denied defendant Admit One, LLC's cross motion for summary judgment dismissing the complaint, unanimously modified, on the law, to deny plaintiff's motion, and otherwise affirmed, without costs.

The motion court properly found that Admit One, LLC's status as a tenant does not shield it from liability under Labor Law § 240 (1) (*see Bush v Goodyear Tire & Rubber Co.*, 9 AD3d 252, 253 [1st Dept 2004], *lv dismissed* 3 NY3d 737 [2004]). Admit One's reliance on *Ferluckaj v Goldman Sachs & Co.* (12 NY3d 316 [2009]) is misplaced, because unlike the tenant in that case, here the testimony of Admit One's vice-president establishes that it selected the contractor for the work and substantially directed and controlled it. Indeed, emails provided by the architect further demonstrate that Admit One was actively engaged in the build-out.

Plaintiff demonstrated his prima facie entitlement to summary judgment on the issue of defendants' section 240 (1) liability through his testimony that, at the direction of the defendants' site foreman, he used the *only* ladder on the floor, an

open A-frame ladder "not too far" from the foreman's toolbox, and that while he was standing on it, the ladder became unstable, wobbled and fell, causing him to fall and sustain injury (*see Schultze v 585 W. 214th St. Owners Corp.*, 228 AD2d 381 [1st Dept 1996]).

In opposition, defendants raised an issue of material fact. In his affidavit, the site foreman avers that prior to plaintiff's accident, he directed plaintiff not to use "a couple of ladders, broken-up and busted-up" and placed by the garbage bins. He further averred that "at least two A-frame sturdy ladders" were on the floor, and that he told plaintiff to "sweep the floor until a safe . . . ladder" was available. According to the foreman, upon arriving at the scene of the accident, he observed that plaintiff had used a ladder that the foreman had specifically instructed him not to use.

These competing versions of what transpired raise factual questions as to whether plaintiff was provided an adequate ladder, and, if so, whether he knew it was available and that he was expected to use it, but nevertheless unreasonably chose not to use it, thereby causing his injury (*see Nacewicz v Roman Catholic Church of the Holy Cross*, 105 AD3d 402 [1st Dept 2013]). Thus, plaintiff is not entitled to partial summary judgment on his Labor Law § 240 (1) claim. Concur—Friedman, J.P., Renwick, Freedman and Feinman, JJ.