Weaver v Gotham Constr. Co. LLC (2019 NY Slip Op 02473)





Weaver v Gotham Constr. Co. LLC


2019 NY Slip Op 02473


Decided on April 2, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2019

Friedman, J.P., Gische, Tom, Gesmer, Moulton, JJ.


8868 300508/12

[*1]Marvin Weaver, Plaintiff-Appellant,
v
Gotham Construction Company LLC, et al., Defendants-Respondents, Ingersoll Rand Company, et al., Defendants. 
[And a Third Party Action]


Law Offices of Michael S. Lamonsoff, New York (Stacey Haskel of counsel), for appellant.
Ropers Majeski Kohn & Bentley PC, New York (Jason L. Beckerman of counsel), for respondents.



Order, Supreme Court, Bronx County (Alison Y. Tuitt, J.), entered on or about May 16, 2018, which, to the extent appealed from as limited by the briefs, granted defendants Gotham Construction Company LLC and 44th Street Development LLC's motion for summary judgment dismissing the common law negligence and the Labor Law § 241(6) and § 200 claims as against them, unanimously affirmed, without costs.
Defendants established prima facie that they did not control the method and means of the work that plaintiff was performing when he was injured and that therefore they cannot be held liable under Labor Law § 200 or for common-law negligence (see Foley v Consolidated Edison Co. of N.Y., Inc., 84 AD3d 476 [1st Dept 2011]). Plaintiff testified that he was employed by third-party defendant, whose superintendent directed his work, and that he never took direction in the performance of his work from representatives of defendants, whom he never saw at the work site.
Defendants established prima facie that Industrial Code (12 NYCRR) § 23-1.7(d) (slipping hazards) and (e) (tripping hazards), on which plaintiff relies, are inapplicable to this case and that therefore the Labor Law § 241(6) fails (see Carrera v Westchester Triangle Hous. Dev. Fund Corp., 116 AD3d 585, 585-586 [1st Dept 2014]). Plaintiff testified that at one moment he was reaching toward the control panel of the motorized hydraulic drill lift he was operating and the next he was pinned to the wall by the drill. He expressly denied that he had lost his footing.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2019
CLERK