**Foronjy v Hewitt Sch.**

2024 NY Slip Op 31756(U)

May 22, 2024

Supreme Court, New York County

Docket Number: Index No. 159931/2017

Judge: Lynn R. Kotler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: HON.LYNN R. KOTLER, J.S.C.                    PART 8

WILLIAM FORONJY et al                                 INDEX NO. 159931/2017

                                                      MOT. DATE

- v -                                                 MOT. SEQ. NO. 2, 3 and 4

THE HEWITT SCHOOL et al

The following papers were read on this motion to/for _sj (seq 2)_
Notice of Motion/Petition/O.S.C. — Affidavits — Exhibits    ECFS Doc. No(s). 138-168
Notice of Cross-Motion/Answering Affidavits — Exhibits      ECFS Doc. No(s). 179-183, 184-206

Replying Affidavits                                         ECFS Doc. No(s). 242-245
OA Transcript                                               ECFS Doc. No(s). 250

The following papers were read on this motion to/for _sj (seq 3)_
Notice of Motion/Petition/O.S.C. — Affidavits — Exhibits    ECFS Doc. No(s). 73-98
Notice of Cross-Motion/Answering Affidavits — Exhibits      ECFS Doc. No(s). 207-229, 233-235

Replying Affidavits                                         ECFS Doc. No(s). 240-241
OA Transcript                                               ECFS Doc. No(s). 250

The following papers were read on this motion to/for _sj (seq 4)_
Notice of Motion/Petition/O.S.C. — Affidavits — Exhibits    ECFS Doc. No(s). 99-137
Notice of Cross-Motion/Answering Affidavits — Exhibits      ECFS Doc. No(s). 174-178, 230-232

Replying Affidavits                                         ECFS Doc. No(s). 236-239
OA Transcript                                               ECFS Doc. No(s). 250

This personal injury action is brought by plaintiff William Foronjy alleging that he was injured in the course of his employment for D&D Electrical Construction ("D&D") at a construction project located at 45 East 75th Street, New York, New York (the "premises"). There are three motions for summary judgment presently pending which are hereby consolidated for the court's consideration and disposition in this single decision/order.

In motion sequence 2, defendants/third-party plaintiffs The Hewitt School and E.W. Howell Co., LLC d/b/a E.W. Howell Construction Group move for summary judgment: (i) dismissing the plaintiff's Complaint in its entirety, including plaintiff's Labor Law §§ 240(1), 241(6), 200, and common law

Dated: _5/22/24_                                       _____
                                                      HON. LYNN R. KOTLER, J.S.C.

1. **Check one:**                ☐ CASE DISPOSED      ☒ NON-FINAL DISPOSITION

2. **Check as appropriate: Motion is**   ☐ GRANTED ☐ DENIED ☐ GRANTED IN PART ☒ OTHER

3. **Check if appropriate:**     ☐ SETTLE ORDER ☐ SUBMIT ORDER ☐ DO NOT POST
                                 ☐ FIDUCIARY APPOINTMENT ☒ REFERENCE

Page 1 of 6

INDEX NO. 159931/2017

RECEIVED NYSCEF: 05/21/2024

negligence claims, (ii) for unconditional contractual indemnity, including recovery of attorneys' fees, costs and expenses, as against the third-party defendant D&D. Plaintiff opposes defendants' motion and D&D partially opposes defendants' motion as against it.

In motion sequence 3, D&D moves for summary judgment dismissing the third-party complaint against it. Plaintiff and defendants oppose D&D's motion.

Finally, in motion sequence 4, plaintiff moves for summary judgment on his labor law claims against the defendants. Defendants and D&D oppose that motion.

Issue has been joined and the motions were timely brought after note of issue was filed. Therefore, summary judgment relief is available. The court's decision follows.

The relevant facts as to plaintiff's claims are as follows. Plaintiff's accident occurred while he was working at 42 East 76th Street, New York, New York a/k/a The Hewitt School Townhouse Renovation Project on March 29, 2017. Defendant The Hewitt School (the "School") owns both 45 and 42 East 75th Street. The School contracted with defendant E.W. Howell ("Howell") as general contractor and construction manager for the project. Howell, in turn, contracted with D&D, plaintiff's employer, to perform all of the electrical work at the project.

At his deposition, plaintiff testified that he was instructed to provide an electrical outlet in the exterior, elevated garden area. As plaintiff attempted to exit the garden area, which had a three foot height differential from the foundation below, plaintiff held onto a safety partition. As plaintiff attempted to bring his right foot down to the foundation level, the partition wall gave way causing him to fall over. Specifically, plaintiff testified as follows:

Q. Describe how you fell.

A. As I was exiting the garden area, I could not walk straight down on to the stairs.

Q. Okay.

A. So I had to try to lower myself backwards like I was going to go down a ladder using – there was a post here that I had used to get – gain access into – to give myself stability. I was using the same post and my back was towards the stairs, and I put my left foot onto this ledge, and then by supporting myself on the post that was there, I brought my right foot to meet it, and then the post gave way and I fell this way into the stairs.

However, at times plaintiff described the partition wall as a post, and also testified that he fell sideways as opposed to backwards. Plaintiff has also submitted the affidavit of D&D's electrical foreman, Garvin Moffat, who claims that he witnessed plaintiff's fall: "I witnessed Mr. Foronjy fall when he went to the edge of the wall of the garden and turned around and attempted to exit the garden by stepping down to the set of existing concrete steps. He was holding onto the side of the safety partition wall with his back to the stairs, when suddenly the safety partition wall gave way causing him to fall backwards from a height of over three (3) feet onto the concrete steps." Photographs of the steps and the area of plaintiff's accident have bene provided to the court, which were identified and marked at plaintiff's deposition.

Plaintiff argues that the School and Howell were obligated, but failed, to provide plaintiff with safety devices to prevent him from falling from an elevation while performing integral work and such a failure was a statutory violation of Labor Law §§ 240[1], 241[6] and 200. Defendants argue that plaintiff has not met his burden on his motion, that his version of events is incredible, and at the very least there are issues of fact regarding plaintiff's credibility which preclude summary judgment. Further, defendants

[* 2]

maintain that even if plaintiff's accident occurred as he claims, Labor Law § 240[1] does not apply, the Industrial Code rules plaintiff claims were violated do not apply and plaintiff has not otherwise proven that Section 200 was violated.

Applicable standard of law

On a motion for summary judgment, the proponent bears the initial burden of setting forth evidentiary facts to prove a prima facie case that would entitle it to judgment in its favor, without the need for a trial (CPLR 3212; *Winegrad v. NYU Medical Center*, 64 NY2d 851 [1985]; *Zuckerman v. City of New York*, 49 NY2d 557, 562 [1980]). If the proponent fails to make out its prima facie case for summary judgment, however, then its motion must be denied, regardless of the sufficiency of the opposing papers (*Alvarez v. Prospect Hospital*, 68 NY2d 320 [1986]; *Ayotte v. Gervasio*, 81 NY2d 1062 [1993]).

Granting a motion for summary judgment is the functional equivalent of a trial, therefore it is a drastic remedy that should not be granted where there is any doubt as to the existence of a triable issue (*Rotuba Extruders v. Ceppos*, 46 NY2d 223 [1977]). The court's function on these motions is limited to "issue finding," not "issue determination" (*Sillman v. Twentieth Century Fox Film*, 3 NY2d 395 [1957]).

Section 240[1]

Labor Law § 240[1], which is known as the Scaffold Law, imposes absolute liability upon owners, contractors and their agents where a breach of the statutory duty proximately causes an injury (*Gordon v. Eastern Railway Supply, Inc.*, 82 NY2d 555 [1993]). The statute provides in pertinent part as follows:

> All contractors and owners and their agents, … in the erection, demolition, repairing, altering, painting, cleaning or pointing of a premises or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.

Labor Law § 240 protects workers from "extraordinary elevation risks" and not "the usual and ordinary dangers of a construction site" (*Rodriguez v. Margaret Tietz Center for Nursing Care, Inc.*, 84 NY2d 841 [1994]). "Not every worker who falls at a construction site, and not every object that falls on a worker, gives rise to the extraordinary protections of Labor Law § 240(1)" (*Narducci v. Manhasset Bay Associates*, 96 NY2d 259 [2001]).

Section 240[1] was designed to prevent accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person (*Runner v. New York Stock Exchange, Inc.*, 13 NY3d 5999 [2009] quoting *Ross v. Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). The protective devices enumerated in Labor Law § 240 [1] must be used to prevent injuries from either "a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured" (*Rocovich v. Consolidated Edison Co.*, 78 NY2d 509 [1991]).

The court agrees with defendants that Section 240[1] does not apply to plaintiff's accident, as the steps which plaintiff was attempting to place his right foot onto does not implicate the type of elevation-related risks which the Labor Law was designed to protect against. Rather, as defendants' expert correctly opines, the area where plaintiff fell is wholly within the usual and ordinary dangers of a job site. Accordingly, plaintiff's motion for summary judgment on his Section 240[1] claim is denied and defendants are granted summary judgment dismissing this claim.

[* 3]

Section 241[6]

Labor Law § 241[6] imposes a non-delegable duty on all contractors and owners, in connection with construction or demolition of buildings or excavation work, to ensure that:

> [a]ll areas in which construction, excavation or demolition work is being performed shall be so constructed, shored, equipped, guarded, arranged, operated and conducted as to provide reasonable and adequate protection and safety to the persons employed therein or lawfully frequenting such places.

The scope of the duty imposed by Labor Law § 241[6] is defined by the safety rules set forth in the Industrial Code (*Garcia v. 225 E. 57th Owners, Inc.*, 96 AD3d 88 [1st Dept 2012] citing *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494 [1993]). Plaintiff must allege violations of specific, rather than general, provisions of the Industrial Code (*Rizzuto v. L.A. Wenger Contracting Co., Inc.*, 91 NY2d 343 [1998]). Plaintiff asserts that the following Industrial Code provisions were violated: Section 23-1.7[b], [e][2], and [f] and Section 23-1.15[a], [b], [c] and [d].

As defendants correctly argue, many of these provisions are inapplicable: Section 23-1.7[b] involves hazardous openings, Section 23-1.7 [e][2] involves tripping hazards, and Section 23-1.15 sets guidelines for safety railing when required by the Industrial Code, but plaintiff has not cited any provision which would require same.

Meanwhile, Section 23-1.7[f], entitled "Vertical passage" requires: "Stairways, ramps or runways shall be provided as the means of access to working levels above or below ground except where the nature or the progress of the work prevents their installation in which case ladders or other safe means of access shall be provided." Here, there is no dispute that a concrete set of stairs was in fact provided between the street and garden levels. Therefore, this provision was not violated.

Accordingly, plaintiff's motion on his Section 241[6] claim is denied and defendants' motion is granted dismissing this claim.

Section 200 and common law negligence

Labor Law § 200 codifies the common law duty of owners and general contractors to provide workers with a reasonably safe place to work (*Comes v. New York State Elec. And Gas Corp.*, 82 NY2d 876 [1993]). There are two categories of Labor Law § 200 and common law negligence claims: injuries arising from dangerous or defective premises conditions and injuries arising from the manner or means in which the work was performed (*Cappabianca v. Skanska USA Bldg. Inc.*, 99 AD3d 139 [1st Dept 2012]). In order to demonstrate a *prima facie* case under the former category, a plaintiff must prove that the owner or general contractor created the condition or had actual or constructive notice of it (*Mendoza v. Highpoint Asoc., IX, LLC*, 83 AD3d 1 [1st Dept 2011]). Where the injury was caused by the manner of the work, the owner or general contractor will be liable if it exercised supervisory control over the work performed (*Foley v. Consolidated Edison Co. of N.Y., Inc.*, 84 AD3d 476 [1st Dept 2011]).

Plaintiff argues that defendant Howell supervised or controlled all of the safety and construction at the job site and thus Howell is exposed to liability under Section 200. However, the court agrees with defendants that this level of supervision is insufficient to hold Howell liable under Section 200 (*see i.e. DaSilva v. Toll First Avenue, LLC*, 199 AD3d 511 [1st Dept 2021]). Indeed, the record is clear that at the time of plaintiff's accident, his work was not being supervised by Howell. Since plaintiff only claims that liability under Section 200 exists by virtue of Howell's supervision, the Section 200 claim is severed and dismissed. The court, however, declines to dismiss plaintiff's ordinary common law negligence claim or Section 200 claim premised upon a defective premises condition, as neither party has raised any argument regarding ordinary premises liability premises such as notice.

[* 4]

Accordingly, plaintiff's motion on his Section 200 claim is denied and defendants are granted summary judgment dismissing plaintiff's Section 200 claim, only. Plaintiff's common law negligence claim and Section 200 claim premised upon a defective premises condition remains.

The third-party claims

The court now turns to the third-party claims. At the outset, D&D's counterclaims against the defendants are severed and dismissed as abandoned. Defendants argue that they are entitled to unconditional contractual indemnity from D&D since defendants weren't negligent, they are indemnitees under the broad indemnity provision set forth in D&D's subcontract with Howell, and plaintiff's alleged accident arose out of his work as an employee of D&D. The plaintiff's alleged accident triggered D&D's "arising out of" contractual indemnity obligation to the defendants. Meanwhile, D&D maintains that the indemnity clause was not triggered because plaintiff was engaged in a task that was outside the scope of D&D's contracted-for work.

The subcontract provides in relevant part as follows:

> To the maximum and fullest extent permitted by law, Subcontractor [D&D] hereby assumes entire responsibility and liability (which includes the indemnification of Contractor [Howell] and all indemnities ) for any and all damages and expenses or injury of any kind or nature whatsoever…to all persons, whether employees of the Subcontractor whose injuries occurred while being on the jobsite, working at the jobsite or otherwise,…caused by, resulting from, **arising out of**, or in any way occurring directly or indirectly or in any manner connected with Subcontractors Work or while being on the project site…If any person, including Subcontractor's employees, shall make a claim for any damage, costs, or injury…or upon any alleged breach of any statutory duty or obligation on the part of the Owner [Hewitt School] or the Contractor, the Subcontractor agrees to defend, indemnify and save harmless the Owner and the Contractor,…from and against any and all loss, expense, judgments, (including court costs, attorneys' fees, investigative and discovery costs, legal costs for appeal and all costs incurred in the enforcement of this indemnification provision) damage, or injury that the Owner or the Contractor…may sustain as a result of any such claim….Subcontractor agrees to assume on behalf of the Owner and the Contractor and all additional insureds, and indemnities the defense of any action at law or in equity, which may be brought against the Owner, Contractor,…and to pay, on behalf of the Owner, Contractor, the additional insureds and indemnities upon their demand, the amount of any judgment that may be entered against them in any such action…

(Emphasis added.)

The court agrees with defendants that the broad indemnity clause was triggered even though installation of an outlet in the garden area was not part of D&D's explicit contracted-for work. Indeed, the term "arising out of" includes the logical sequalae of expressly contracted-for work. Plaintiff was not on a joy ride or some tangent unrelated to D&D's work. He was allegedly installing an electrical outlet (*see i.e. Valbuena v. 650 Madison Avenue Owner, LLC*, 191 AD3d 493 [1st Dept 2021]). Accordingly, defendants are granted summary judgment on their claim for contractual indemnification against D&D.

**CONCLUSION**

In accordance herewith, it is hereby:

**ORDERED** that plaintiff's motion for summary judgment is denied; and it is further

**ORDERED** that defendants' motion is granted to the following extent:

Page 5 of 6

a.  plaintiff's Labor Law §§ 240[1] and 241[6] are severed and dismissed;
b.  plaintiff's Labor Law § 200 claim is severed and dismissed to the extent that he claims his injuries were caused by the manner of the work;
c.  D&D's counterclaims against the defendants are severed and dismissed as abandoned; and
d.  Defendants are granted summary judgment on their third-party claim for contractual indemnification against D&D.

And it is further **ORDERED** that the issue of what amount third-party defendant D&D should reimburse the defendants School and Howell for defense costs incurred to date, with statutory interest, is referred to the Special Referee Clerk for assignment to a Special Referee or JHO to hear and **determine**; and it is further

**ORDERED** that counsel for the School and Howell shall, within 30 days from the date of this order, serve a copy of this order with notice of entry, together with a complete Information Sheet, upon the Special Referee Clerk in the Motion Support Office (Room 119M), who is directed to place this matter on the calendar of the Special Referee's Part for the earliest convenient date; and it is further

**ORDERED** that plaintiff's common law negligence claim and Section 200 claim premised upon a defective premises condition remains.

Any requested relief not expressly addressed herein has nonetheless been considered and is hereby expressly rejected and this constitutes the decision and order of the court.

Dated: _____5/22/24_____
New York, New York

So Ordered: _____
**Hon. Lynn R. Kotler, J.S.C.**

Page 6 of 6

[* 6]