**Carreno v Chelsea Leaf S. Housing Dev. Fund Corp.**

2024 NY Slip Op 32045(U)

June 18, 2024

Supreme Court, New York County

Docket Number: Index No. 155542/2017

Judge: Lori S. Sattler

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK: PART 02M

-------------------------------------------------------------------------------X

JOEL OSWALDO RUIZ CARRENO,

                           Plaintiff,

                  - v -

CHELSEA LEAF SOUTH HOUSING DEVELOPMENT
FUND CORPORATION, EIGHTH AND SEVENTH GP
LLC,CHATEAU GC LLC,

                         Defendant.

-------------------------------------------------------------------------------X

CHELSEA LEAF SOUTH HOUSING DEVELOPMENT FUND
CORPORATION, EIGHTH AND SEVENTH GP LLC,
CHATEAU GC LLC

                        Plaintiff,

                 -against-

FLATIRON CONSTRUCTION CORPORATION

                        Defendant.
-------------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 155542/2017 |
| **MOTION DATE** | 08/25/2022, 04/03/2023 |
| **MOTION SEQ. NO.** | 003 004 |

**DECISION + ORDER ON MOTION**

Third-Party
Index No. 595844/2019

HON. LORI S. SATTLER:

The following e-filed documents, listed by NYSCEF document number (Motion 003) 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 104, 105, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121, 122, 123, 124, 125, 126, 127, 139, 140, 141, 142, 143, 144, 145, 146, 147, 148, 150, 159, 161, 163, 164, 165, 166, 167, 168, 169, 170, 172, 174, 176

were read on this motion to/for                  JUDGMENT - SUMMARY          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 128, 129, 130, 131, 132, 133, 134, 135, 136, 137, 138, 151, 152, 153, 154, 155, 156, 157, 158, 160, 162, 171, 173, 175, 177

were read on this motion to/for                  JUDGMENT - SUMMARY          .

     Plaintiff Jose Oswaldo Ruiz Carreno ("Plaintiff") commenced this action alleging

violations of Labor Law §§ 240(1), 241(6), and 200 arising out of an accident at a construction

site at 211 West 28th St in Manhattan ("the Premises") on November 21, 2016. Plaintiff was a

**155542/2017 RUIZ CARRENO, JOEL OSWALDO vs. CHELSEA LEAF SOUTH HOUSING**
**Motion No. 003 004**

Page 1 of 7

1 of 7

[* 1]

laborer employed by nonparty Epiphany, which performed concrete work on the Premises. Defendants Chelsea Leaf South Housing Development Fund Corporation ("Chelsea Leaf") and Eighth and Seventh GP LLC ("Eighth and Seventh GP") were the owners of the Premises, along with nonparty Eighth and Seventh Limited Partnership ("Eighth and Seventh LP"). The owners had retained defendant Chateau GC LLC ("Chateau") as the general contractor for the project. Third-party defendant Flatiron Construction Corporation ("Flatiron") contracted with Eighth and Seventh LP to act as construction manager on the Premises and was acting in that capacity at the time of Plaintiff's accident.

Defendants Chelsea Leaf, Eighth and Seventh GP, and Chateau (collectively "Defendants") together move for summary judgment dismissing the Complaint in its entirety along with all counterclaims and for summary judgment on their third-party complaint against Flatiron while Plaintiff cross moves for summary judgment on his Labor Law § 240(1) cause of action (Motion Sequence 003). Flatiron moves for summary judgment dismissing Defendants' claims for contractual and common law indemnification (Motion Sequence 004). The motions are consolidated herein for disposition.

Plaintiff maintains that he was injured after falling off an open-top container on which he was working. Epiphany workers had been putting sand and dirt from the worksite into the container. Plaintiff had been asked to cover the container with a large plastic tarp at the end of the workday on November 21, 2016. He testified that this job required him to climb on top of the container and that the container was about chest height (NYSCEF Doc. No. 88, Plaintiff EBT at 52-53). He claims that as he was dragging the tarp across the top, the wind lifted it, causing him to lose control, fall, and sustain injuries (*id*. at 69, 74). When asked if anyone other than

155542/2017  RUIZ CARRENO, JOEL OSWALDO vs. CHELSEA LEAF SOUTH HOUSING
Motion No.  003 004

Page 2 of 7

Epiphany provided instruction, oversight, or supervision for this work, Plaintiff answered "no" (*id*. at 41).

Plaintiff's co-worker Manuel Jesus Pauta ("Pauta") testified that there was no safety training given to the workers (NYSECF Doc. No. 90, Pauta EBT at 17). He further indicated that there was no Epiphany foreman on the site the day of Plaintiff's accident and that he gave instructions to Plaintiff as a result (*id*. at 24-25). However, Pauta maintained that he did not direct Plaintiff to cover the container or to climb on top of it and that he was working elsewhere on the Premises when Plaintiff fell (*id*. at 19, 22). Pauta acknowledged that no personal protective equipment was provided at the job site and that Epiphany required workers to bring their own (*id*. at 18).

On a motion for summary judgment, the moving party "must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact from the case" (*Winegrad v New York Univ. Med. Center*, 64 NY2d 851, 853 [1985], citing *Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad*, 64 NY2d at 853). Should the movant make its prima facie showing, the burden shifts to the opposing party, who must then produce admissible evidentiary proof to establish that material issues of fact exist (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]).

Defendants' motion to dismiss the Labor Law § 240(1) is denied and Plaintiff's cross motion seeking summary judgment on this cause of action is granted. Labor Law § 240(1) "places a nondelegable duty on owners, contractors, and their agents to furnish safety devices giving construction workers adequate protection from elevation-related risks" (*Hill v City of New York*, 140 AD3d 568, 569 [1st Dept 2016]). "The single decisive question is whether plaintiff's

155542/2017   RUIZ CARRENO, JOEL OSWALDO vs. CHELSEA LEAF SOUTH HOUSING
Motion No.  003 004

Page 3 of 7

3 of 7

[* 3]

injuries were the direct consequence of a failure to provide adequate protection against a risk arising from a physically significant elevation differential" (*Runner v New York Stock Exch., Inc.*, 13 NY3d 599, 603 [2009]). Here, it is undisputed that Plaintiff was working on top of the container when he fell off and suffered injuries. As this work exposed him to a height-related hazard and he was not provided an adequate safety device to protect him from the elevation differential, his injury falls within the "kind of foreseeable risk within the contemplation of section 240(1)" (*Bush v Goodyear Tire & Rubber Co.*, 9 AD3d 252, 253 [1st Dept 2004]) and a finding of liability against Defendants is warranted.

Defendants next seek summary judgment dismissing Plaintiff's Labor Law § 241(6) cause of action. Section 241(6) "imposes a nondelegable duty of reasonable care upon owners and contractors to provide reasonable and adequate protection to persons employed in . . . all areas in which construction, excavation or demolition work is being performed" (*Rizzuto v L.A. Wenger Constr. Co.*, 91 NY2d 343, 348-349 [1998]). To establish a defendant's liability under Section 241(6), "a plaintiff must show that a specific, applicable Industrial Code regulation was violated and that the violation caused the complained-of injury" (*Cappabianca v Skanska USA Bldg. Inc.*, 99 AD3d 139, 146 [1st Dept 2012], citing *Ross v Curtis-Palmer Hydro-Elec. Co.*, 81 NY2d 494).

The Court finds that none of the Industrial Code provisions cited by Plaintiff in support of his Labor Law § 241(6) cause of action are applicable to his accident. He specifically alleges violations of 12 NYCRR §§ 23-1.7(b)(1)(i) and (ii), 23-5.1(j), and 5.3(e). Section 23-1.7(b)(1)(i) and (ii) cannot apply as these provisions concern protections from falls into "hazardous openings" on construction sites. Here, Plaintiff does not allege that he was injured by falling into a hazardous opening; rather, he contends that he was knocked off the side of an open top

155542/2017 RUIZ CARRENO, JOEL OSWALDO vs. CHELSEA LEAF SOUTH HOUSING Page 4 of 7
Motion No. 003 004

4 of 7

[* 4]

container.  As Plaintiff was not working on a scaffold at the time of his accident, 12 NYCRR §§ 23-5.1(j) and 5.3(e) are inapplicable as these provisions concern safety railings on scaffolds.  Therefore, the branch of Defendants' motion seeking summary judgment dismissing the Labor Law § 241(6) cause of action is granted.

The last branch of Defendants' motion seeks dismissal of Plaintiff's causes of action under Labor Law § 200 and common law negligence.  Labor Law § 200 codifies the common law duty of owners and general contractors to provide a safe workplace to construction site workers (*Comes v NY State Elec. & Gas Corp.*, 82 NY2d 876, 877 [1993]).  Where the alleged injury was "caused by the manner and means of the work, including the equipment used, the owner or general contractor is liable if it actually exercised supervisory control over the injury-producing work" (*Cappabianca*, 99 AD3d at 144).  A general contractor will not be liable under a method and means theory where they "at most exercised general supervisory powers over [the] plaintiff" (*see Foley v Consolidated Edison Co. of N.Y., Inc.*, 84 AD3d 476, 477 [1st Dept 2011]).  Here, the uncontroverted testimony of both Plaintiff and Chateau's witness, Alex Arker, establishes that Defendants did not directly supervise Plaintiff's work and that he was only directly supervised by his employer Epiphany.  The branch of the motion seeking dismissal of Plaintiff's cause of action alleging violation of Labor Law § 200 is accordingly granted.

In Motion Sequence 004, third party defendant Flatiron moves for summary judgment dismissing the Defendants' claims against it for contractual and common law indemnification and contribution.  Flatiron contends that Defendants do not have standing to bring a contractual indemnification claim against it as it was not in privity with Defendants.  It maintains that it was only party to a contract with nonparty Eighth and Seventh LP (NYSCEF Doc. No. 135).  The Court finds this argument unavailing.  Flatiron's contract requires it to indemnify Eighth and

155542/2017   RUIZ CARRENO, JOEL OSWALDO vs. CHELSEA LEAF SOUTH HOUSING          Page 5 of 7
     Motion No.  003 004

5 of 7

Seventh LP "and its affiliates" (NYSCEF Doc. No. 135, Article 9). Eighth and Seventh LP and Chelsea Leaf executed a Declaration of Interest and Nominee Agreement on February 5, 2015, which reflects that Eighth and Seventh LP conveyed a fee interest in the Premises to Chelsea Leaf as a nominee while continuing to retain all ownership in the property (NYSCEF Doc. No. 138). Likewise, Alex Arker, a general partner of Eighth and Seventh LP, testified to being a member of both Eighth and Seventh GP and Chateau (Arker EBT at 8-12). The Court finds that these connections are sufficient to establish that Defendants are affiliates with Eighth and Seventh LP within the meaning of its contract with Flatiron (*see Bradley v NYU Langone Hosps.*, 223 AD3d 509, 511 [1st Dept 2024]).

The Court further finds that there are issues of fact as to whether Flatiron was negligent in carrying out its duties as construction manager and whether its activities on the Premises triggered the indemnification clause in its contract. The indemnification provision of Flatiron's contract requires it to indemnify Eighth and Seventh LP and its affiliates against claims asserted against Eighth and Seventh LP arising out of, *inter alia*, "any act or failure to act on the part of [Flatiron] in connection with the performance of the services hereunder which is in violation of the terms of this Agreement or deliberate misconduct or bad faith." The contract further provides that Flatiron "is authorized to direct and coordinate the OWNER's subcontractors' Work" (NYSCEF Doc. No. 135, § 1.3) and Flatiron "shall coordinate the Work of the OWNER's subcontractors" (*id.*, § 5.3).

Flatiron's superintendent on the Premises, Besnik Korbeci, testified that his responsibilities included walking the worksite to observe progress, quality, and safety of the work (NYSCEF Doc. No. 93, Korbeci EBT at 35-40). He also testified that he was responsible for coordinating with the site safety coordinator hired by Flatiron and that they would have daily

155542/2017 RUIZ CARRENO, JOEL OSWALDO vs. CHELSEA LEAF SOUTH HOUSING Page 6 of 7
Motion No. 003 004

6 of 7

[* 6]

meetings regarding site safety (*id*. at 44, 67). Korbeci further stated that he had the ability to stop subcontractors engaging in unsafe work practices (*id.* at 39) and that he would have instructed subcontractor workers to stop if he had observed them standing on top of the container while covering it as it was an unsafe practice (*id*. at 77-78). Flatiron's president, Richard Sosa, confirmed the superintendent's authority to stop unsafe work on the Premises (NYSCEF Doc. No. 133, Sosa EBT at 48). However, Korbeci testified that neither he nor any other Flatiron personnel communicated with Epiphany about how to properly cover a container such as the one from which Plaintiff fell (Korbeci EBT at 158). Whether the work Flatiron performed triggers the indemnification clause in its contract and whether it was negligent in that work are issues of fact requiring denial of summary judgment on Defendants' contractual indemnification, common law indemnification, and contribution claims against it.

Accordingly, it is hereby:

ORDERED that Defendants' motion for summary judgment (Motion Sequence 003) is granted to the extent of dismissing Plaintiff's causes of action under Sections 241(6) and 200 of the Labor Law and common law negligence, and otherwise denied; and it is further

ORDERED that Plaintiff's cross-motion for summary judgment (Motion Sequence 003) on his Labor Law § 240(1) cause of action is granted; and it is further

ORDERED that the motion for summary judgment of third-party defendant Flatiron Construction Corporation (Motion Sequence 004) is denied in its entirety.

| 6/18/2024 | | LORI S. SATTLER, J.S.C. |
|-----------|---|--------------------------|
| **DATE** | | |

| CHECK ONE: | | CASE DISPOSED | | X | NON-FINAL DISPOSITION | | |
|------------|---|---------------|---|---|----------------------|---|---|
| | | GRANTED | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

155542/2017  RUIZ CARRENO, JOEL OSWALDO vs. CHELSEA LEAF SOUTH HOUSING
Motion No.  003 004
Page 7 of 7

7 of 7

[* 7]